JOHN M. RODOCANACHI *vs.* JOHN H. BUTTRICK.

Suffolk.   March 22. — July 29, 1878.   AMES & MORTON, JJ., absent.

If a person not a party to a promissory note, for a sufficient consideration, places his name on the back of it, after it is due, changes the rate of interest on the face of the note, pays the interest then due, and subsequently pays an instalment of interest at the changed rate, he is liable as an original promisor.

An agreement to forbear, for a certain time, to enforce the performance of a contract complete in itself cannot be pleaded in bar to an action upon the contract.

CONTRACT.   Writ dated January 18, 1877.   The declaration alleged that John Q. Hanson and his wife made a promissory note, dated November 12, 1873, by which they promised to pay the plaintiff or order the sum of $5000, in two years from date, with interest semiannually, at the rate of ten per cent. per annum, and secured the payment of the note by a mortgage of a certain parcel of land in Chelsea ; that default was made in payment of the note, and the plaintiff was about to foreclose the mortgage on that account, when the defendant, then being a holder of a mortgage on the same parcel of land, subject to that of the plaintiff, urged the plaintiff to forbear such foreclosure, and, in consideration of his so doing, offered to guarantee the payment of the principal sum of said note and interest thereon at the rate of seven and one half per cent. per annum, instead of the rate fixed in the note, and the plaintiff accepted this offer of the defendant ; that the defendant thereupon, after the maturity of the note, indorsed the same, and marked thereon the rate of interest to be paid ; that the plaintiff, in consideration of such indorsement by the defendant, forbore to foreclose the mortgage ; that the defendant owes the plaintiff the sum of $993.48, the balance of the principal sum due on the note, and interest thereon since December 4, 1876, at the rate of seven and one half per cent. per annum.   Answer : 1. A general denial.   2. The statute of frauds.

At the trial in the Superior Court, without a jury, *Allen,* J found the facts to be as follows :

The plaintiff was the holder of the note, as alleged in the declaration, and, on its maturity, Hanson failed to pay it, he being utterly insolvent and worthless.   Negotiations were thereupon

entered into between the plaintiff and defendant, which resulted in a verbal agreement whereby the defendant undertook to indorse or assume the note for $5000, and the plaintiff agreed to forbear to foreclose his mortgage for a time not fixed, to reduce the rate of interest from ten to seven and one half per cent., and to give to the defendant a certain notice before calling on him for payment of the principal of the note. The evidence was conflicting as to the precise terms of this notice. The defendant testified at the trial that he was to receive six months' notice; the plaintiff testified that he agreed to give the defendant sixty days' notice, and that the defendant signed on these terms. The defendant, in the presence of the plaintiff, wrote his name on the back of the mortgage note. The plaintiff, at the same time, presented to the defendant a paper containing the wording of an agreement of guaranty, which he desired the defendant to copy upon the note over his signature, but the defendant refused to do so. This paper was not produced at the trial, having been lost, and its precise wording did not appear. Beyond the name of the defendant on the back of the note, and the figures "$7\frac{1}{2}$" written by the defendant in pencil on the face of the note, over the word "ten," expressing the original rate of interest, there was no written evidence of the transaction. The defendant gave to the plaintiff no express authority to write any memorandum over his name, and none was in fact written, before or at the trial. The defendant paid to the plaintiff the interest on the note then in arrears, and also one further instalment of interest at the reduced rate, when it became due. Soon after this last payment, the plaintiff made a written demand on the defendant for payment of the principal of the note, and, this not being complied with, he sold the land, after more than sixty days had elapsed, by public auction, under a power of sale contained in the mortgage. The property was purchased for $4750 by one Ralli, who acted in behalf of the plaintiff, and who, on receiving a deed of the property, at once reconveyed it to the plaintiff.

The defendant contended that the agreement of guaranty, if any, was conditional upon receiving the stipulated notice; that the memorandum offered by the plaintiff was defective in not containing this term of the contract; and that the plaintiff had no authority, express or implied, to create any sufficient memo-

randum, and requested the judge to rule that there was no suffi-
cient memorandum in writing to satisfy the statute of frauds.

The plaintiff denied that the stipulation for notice was a con-
dition annexed to the guaranty; and contended that it was an
independent agreement on his part, which might be considered
as part of the consideration for the guaranty.

The judge refused to rule as requested by the defendant
found that the plaintiff agreed to give and did give the defend-
ant sixty days' notice; and ordered judgment for the plaintiff
for $610.35. The defendant alleged exceptions.

*H. W. Paine & W. W. Vaughan*, for the defendant.

*A. E. Pillsbury*, for the plaintiff.

LORD, J. It has been repeatedly held in this Commonwealth,
before the passage of the St. of 1874, *c.* 404, that if a person,
not a party to a note, puts his name upon the back of it at its
inception, it is his note, and he is an original promisor upon it.
In this case, the defendant did not put his name upon the back
of the note at its inception, but did so after its maturity, when
it had become an overdue and dishonored note. This was done
upon a sufficient consideration, and if nothing more had been
done by the defendant, his relation to the note, and the obliga-
tion created by his signature, might have presented some ques-
tions of embarrassment. But this is not all that was done by
him. He personally altered the face of the note, by which he
changed the terms of the contract. Over the word " ten," which
expressed the rate of interest in the original contract, he placed
the figures " $7\frac{1}{2}$," for the purpose of indicating that he was to
pay the principal of that note and a future interest at the rate
of $7\frac{1}{2}$ per cent. per annum. At the same time he paid the ar-
rears of interest due upon the note at the rate stipulated before
he altered the terms of the contract; and he subsequently recog-
nized the transaction by the payment of one instalment of in-
terest at the rate at which he had fixed it by the alteration of
the contract. Whether his alteration of the contract, making it
less onerous to the original parties to it, affected its validity as
against them, is unimportant in the determination of this issue.
The facts found in this case show that he intended to adopt the
words of that contract, changed by himself to express the con-
tract into which he was entering, and placed his name upon the

paper as a signature to that note thus altered. It is immaterial upon what part of the paper a party places his name, if his pur. pose in placing it upon the paper is the execution of the contract. *Wright* v. *Morse*, c Gray, 337, and cases cited. *Essex Co.* v. *Edmands*, 12 Gray, 273. *National Pemberton Bank* v. *Loujee*, 108 Mass. 371. There can be no question then that this paper, as between himself and the plaintiff, is an original undertaking, put into the form, by him, of a promissory note for the payment of the amount expressed in the note, with interest at the rate of $7\frac{1}{2}$ per cent. It therefore became simply his promissory note for that amount and interest, to the payment of which he was properly found liable.

An objection is made that the agreement of guaranty was conditioned upon receiving a stipulated notice; and that, inasmuch as that condition was not inserted in the writing itself, it therefore was not a sufficient writing to hold the party within the statute of frauds. The conclusive answer to this is, that the paper which he adopted and signed as a contract is complete in itself, and it is never competent to show in an action at law that there were other and different oral agreements from those which the contract, complete in itself, contains. If any oral agreement, founded upon such consideration as would make it a valid contract, independently of the written contract, was entered into between the parties, it was wholly collateral and could not be pleaded in bar of this suit, but damages for its breach must be sought in an independent suit. *Wright* v. *Morse*, 9 Gray, 339. *Lake* v. *Stetson*, 13 Gray, 310, note. *Essex Co.* v. *Edmands*, *ubi supra*. *Smith* v. *Bartholomew*, 1 Met. 276.

In point of fact, the presiding judge found that the plaintiff agreed to give, and did give, the defendant sixty days' instead of six months' notice of his intention to enforce the contract. Such finding, however, is unimportant, inasmuch as an agreement to forbear to enforce the performance of a contract complete in itself can never be pleaded in bar to a suit upon the contract.

*Exceptions overruled.*