WILLARD D. PETTY *vs.* JOHN M. ALLEN.

Bristol. Oct. 27, 1882. — Feb. 27, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

It is a good defence to an action for wrongfully taking and detaining the plaintiff's goods, that the defendant restored the goods to the plaintiff, and carried them to a place designated by him and stored them there for him, under an oral agreement that the plaintiff would release the defendant from any claim he had against him for the taking and detention.

The objection, that an agreement relied upon in defence of an action was made on the Lord's day, not taken at the trial, is not open upon a bill of exceptions.

TORT. Trial in the Superior Court, before *Colburn,* J., who allowed a bill of exceptions, in substance as follows:

It appeared that on Sunday, August 14, 1881, the plaintiff, with one or more loads of fruit, stationed himself in Westport,

within half a mile of a camp-meeting, on land, the owner of which had given his consent, for the purpose of then and there selling such fruit.

The plaintiff introduced evidence tending to prove that the defendant took under his control, and in his custody and charge, all of said fruit, and kept the same under such control from about nine o'clock in the morning until about two o'clock in the afternoon of that day, when they were returned to the plaintiff under the conditions that they were to be taken from there and stored in a barn near by, and that he was not to come on the grounds again for one year.

The defendant introduced evidence tending to prove that, during the time he had charge and control of the plaintiff's goods, the plaintiff, at his request, gave some directions as to the loading and handling the goods, and assisted therein ; that when they were returned to the plaintiff, it was with the understanding and under the agreement that, if the defendant would remove the fruit to a barn some distance off and deliver it to the plaintiff there, he would accept it and not return to the grounds, and would make the defendant no trouble on account of the taking; and that the fruit was so delivered and accepted.

The plaintiff asked the judge to rule that any taking or handling or exercising control of the plaintiff's goods by the defendant, without the plaintiff's previous consent, was an act of trespass for which he was liable to the plaintiff; and the fact that the plaintiff afterwards consented to, and in fact did, receive back the goods, did not release the defendant for the taking, and he was liable therefor, notwithstanding such consent and release.

The judge instructed the jury that, upon the evidence, there could be little doubt that the defendant did take charge and control of the plaintiff's goods ; that, upon the evidence, he had no right to do so; and that, if nothing else appeared, the plaintiff was entitled to recover such damages as he had sustained in consequence of such taking and detention until he received them back; but that, if the parties entered into an agreement, by which the plaintiff agreed that, if the defendant would take the goods and carry them and store them in a certain barn designated by the plaintiff, the plaintiff would accept the goods and not return to the grounds, and release the defendant from any

claim he had against him for the taking and detention, and the defendant assented to the agreement and did deliver and store the goods as agreed, and the plaintiff accepted them under the agreement, he was not entitled to recover in this action.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. N. Lincoln,* for the plaintiff.

*H. M. Knowlton & A. E. Perry,* for the defendant.

W. ALLEN, J. The defendant did more than to restore the goods he had wrongfully taken. He carried them to a place designated by the plaintiff, and stored them there for him. This was a sufficient consideration for a release or waiver by the plaintiff of the damages for the taking, and the instructions given to the jury were correct.

It is objected that the agreement on which the defendant relies was made on the Lord's day, and that, for that reason, the defendant cannot avail himself of it. It is a sufficient answer that that objection was not taken in the court below, and no ruling was asked or made in regard to it.

*Exceptions overruled.*