HENRY HUNT *vs.* WILLIAM BROWN, administrator.

Suffolk. January 13, 1888. — March 2, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract — Consideration — Evidence — Pleading.*

The payee of a note promised that, if the maker would assent to a compromise of a claim that would lessen such maker's share in an estate, he would accept the percentage taken to settle the claim in full settlement of what was due on the note. The assent was given, the compromise was made, proving beneficial to the estate, and full recovery was had on the note, the maker pleading a general denial and payment only. *Held,* in an action for breach of the agreement, that there was evidence of consideration, that it was not a release or satisfaction, but collateral, and that the judgment on the note was no bar.

HOLMES, J. The plaintiff made three notes to Russell, the defendant's intestate. Afterwards, according to the plaintiff's evidence in the present case, Russell promised that, if the plaintiff would assent to a compromise, by the executors of the plaintiff's father's will, of a claim in their hands against third persons, by which compromise the plaintiff's share of his father's estate would be diminished, Russell would accept in full settlement of the balance due upon the notes whatever percentage the executors should take in settlement of their claim. The executors then settled the claim for sixty-two per cent of the amount, with the plaintiff's assent. Then Russell died, and suit was brought by his administrator, the present defendant, upon the notes, against the present plaintiff. The latter pleaded a general denial and payment, and afterwards made an offer of judgment for the full amount of the notes, interest, and costs, which was accepted, and the sum was paid. The present suit is upon Russell's alleged agreement. The defendant asked a ruling that the agreement was without consideration, and also that the judgment in the former case was a bar. Both rulings were refused, and he excepts.

1. It is very plain that the jury were warranted in finding that the plaintiff's assent to the compromise was dealt with by the parties as a consideration, that is, as the conventional inducement of Russell's promise, and not merely as a condition precedent, and that if it was so dealt with it was sufficient. Evidence or

even an admission that the compromise was for the plaintiff's advantage would not alter the case. In determining whether or not an act was dealt with by the parties to an oral agreement as a consideration, the fact that its consequences were seen to be advantageous to the actor may be important; but on the question of sufficiency alone, it is enough that the immediate effect of the act is an abandonment of an actual or supposed right, whatever the balance of advantages may be in the long run. It is hard to imagine any change of position, not made in pursuance of a previous duty, which may not be sufficient as a consideration, or which is not a detriment in a legal sense.

2. If Russell had received the sixty-two per cent as agreed, and the suit had been brought for the residue, the question would arise whether the acceptance of less than the sum due, upon a collateral consideration, could be distinguished from an acceptance of less, before the notes fell due, or, like that, constituted an accord and satisfaction; *Bowker* v. *Childs*, 3 Allen, 434, 436; and if it was technically a satisfaction, whether, like a payment, (*Fuller* v. *Shattuck*, 13 Gray, 70,) it must not have been pleaded in the suit upon the notes if it was to be relied on at all, or whether there remained any contract unexecuted by the party satisfied which he would break if he afterwards brought suit. But Russell did not accept the sixty-two per cent; so that the only question is whether his agreement in any other way extinguished the notes in whole or in part, since in that case the judgment might be a bar.

The agreement was not itself a satisfaction. It was not a new contract substituted for the notes, and entitling the plaintiff to demand their surrender. Neither could it operate as a release of thirty-eight per cent of the notes, when the percentage was fixed by the compromise referred to. Language sometimes has been used which suggests that an agreement for a sufficient consideration might take effect by way of release, although not under seal. *Goodnow* v. *Smith*, 18 Pick. 414, 416. *Petty* v. *Allen*, 134 Mass. 265, 267. *Taylor* v. *Manners*, L. R. 1 Ch. 48. But the common law knows no such release. *Shaw* v. *Pratt*, 22 Pick. 305, 308. The consideration of the notes being executed, the agreement could operate only by way of accord and satisfaction. See *Cumber* v. *Wane*, 1 Smith's Lead.

Cas. (8th Am. ed.) 633 and notes. *Bragg* v. *Danielson*, 141 Mass. 195, 196. *May* v. *King*, 12 Mod. 537, 538. The suggestion which we are considering, if stated in technical form, would have to be that Russell accepted the plaintiff's assent to the compromise which he desired, in satisfaction of thirty-eight per cent of the notes. But this is plainly a distortion of the evidence, according to which the assent was accepted, not as partial satisfaction of a debt, but as the consideration for a promise.

If, however, the jury might have been warranted in finding that the agreement, and what was done under it, had released or satisfied thirty-eight per cent, they were warranted at least equally in finding that it was purely executory in purport as well as in form, viz. to accept a percentage in satisfaction when it was paid. The court could not rule, as matter of law, that the opposite construction was the true one, or assume the opposite construction as a foundation for its rulings.

But it may be said, that the contract must have been found to embrace the element that Russell would not sue for more than sixty-two per cent. And it may be argued, that, if not technically a release, it ought to have been available in defence *pro tanto*, by way of estoppel or otherwise, in order to avoid circuity of action, upon the same principle that a covenant not to sue is allowed to enure as a release. The answer is, that whether available in this way or not, whether or not such a defence would escape the objection that in substance it was accord without satisfaction, the plaintiff was not bound to use the agreement in defence. For if, as we have tried to show, and as the suggestion under consideration assumes, Russell's agreement did not extinguish the whole or any part of the notes, but left them in full force, it also necessarily retained its independent character as a collateral contract. See further *Costello* v. *Cady*, 102 Mass. 140. *Blake* v. *Blake*, 110 Mass. 202. A breach of it was a substantive cause of action, upon which the present plaintiff might bring his own suit in his own way, and he was no more bound to plead it than he would have been bound to plead a set-off, fraud, or a breach of warranty. *Smith* v. *Palmer*, 6 Cush. 513, 521. *Cobb* v. *Curtiss*, 8 Johns. 470. See *Burnett* v. *Smith*, 4 Gray, 50, 52; *Davis* v. *Hedges*, L. R. 6 Q. B. 687.

When a defendant has the choice of setting up a matter in defence, or of suing upon it in another action, if he chooses not to set it up in defence, of course the judgment in the action against him is no bar to a subsequent suit by him. *Smith* v. *Palmer, ubi supra.* *Star Glass Co.* v. *Morey*, 108 Mass. 570, 573. *Davis* v. *Hedges, ubi supra.* Russell's agreement was not pleaded in the former action. Even if it had been executed, it would not have been admissible under a plea of payment. *Ulsch* v. *Muller*, 143 Mass. 379. *Grinnell* v. *Spink*, 128 Mass. 25. The present plaintiff, not having set up the agreement, and having no other defence, very properly saved himself costs and his antagonist delay by submitting at once to the inevitable and offering judgment. See *Rigge* v. *Burbidge*, 15 M. & W. 598.

*Exceptions overruled.*

*N. W. Ladd*, for the defendant.
*H. N. Sheldon*, for the plaintiff.