JOSEPH HAYES *vs.* WILLIAM H. ALLEN.

Suffolk.     November 14, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Promissory Note — Independent Oral Agreement.*

It is no defence to an action on a promissory note for a valid consideration, that subsequent to the making and delivery of the note an independent oral agreement was made between the parties that the defendant would sell, and the plaintiff would buy, on the 1st of January next ensuing, certain shares of the capital stock of a corporation at a certain price per share, and that the note should be taken as payment *pro tanto* for the shares.

CONTRACT, upon a promissory note for $500, dated November 12, 1884, and made payable on demand to the order of the plaintiff.     Trial in the Superior Court without a jury, before *Blodgett,* J., who found for the plaintiff for the full amount of the note with interest; and the defendant alleged exceptions. The facts appear in the opinion.

*B. C. Moulton,* for the defendant.

*W. A. Hayes,* for the plaintiff.

MORTON, J.     The note in question was made for a valid consideration.     The defence is, that subsequent to the making and delivery of it an oral agreement was made between the parties that the defendant would sell, and the plaintiff would buy, on the 1st of January next ensuing, three thousand shares of the capital

stock of the Antique Marble Company, at one dollar per share, and that the note should be taken as payment *pro tanto* for said shares. The stock was seasonably tendered by the defendant, and the note and the balance of the purchase money were demanded, but the plaintiff refused to give up the note and perform the contract. It is evident that the agreement in regard to the stock was an independent agreement. It was to be performed at a different time from that contained in the note, and the measure of damages for a failure to perform it would be different from that in case of failure to pay the note. It was not itself a satisfaction of the note, nor a new contract substituted for the note and entitling the defendant to it. Independent contracts of the nature of that set up in defence in this suit do not come within the principle which allows parties, in order to prevent circuity of action, to avail themselves by way of defence in certain cases of matters which might be the subject of a suit. *Gibson* v. *Gibson*, 15 Mass. 106, 112. *Waterhouse* v. *Kendall*, 11 Cush. 128. *Traver* v. *Stevens*, 11 Cush. 167. *Stanton* v. *Maynard*, 7 Allen, 335. *Bartlett* v. *Farrington*, 120 Mass. 284. *Hunt* v. *Brown*, 146 Mass. 253. The defendant does not claim that he can avail himself of the agreement by way of set-off. The case is not like that of *First National Bank* v. *Watkins*, 154 Mass. 385, where the court held that the agreement operated at once, and in effect discharged the defendant from liability on the note. In this case the agreement, which was executory, was that the note should be taken in payment *pro tanto*, and therefore recognized its continued existence.

*Exceptions overruled.*