### FRANCES BANIONIS *vs.* ARTHUR LAKE.

Worcester.   September 26, 1934. — January 7, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Trustee Process.   Contract,* What constitutes, Construction.

In an action by trustee process, the plaintiff contended that a sum of
money was due the defendant from the alleged trustee by reason of
an agreement made in settlement of a tort action brought by the
defendant in Connecticut.   The alleged trustee, an insurer of the de-
fendant in the Connecticut action against liability for operation of an
automobile, in its answer here stated that it had made an agreement to
pay the plaintiff in the Connecticut action, defendant here, a certain
sum of money in settlement of the claim made in the action in Con-
necticut, and that the agreement for settlement "was intended as a
final determination of said action in conformance with the *mores* of
attorneys in . . . [that] community," and that on the date of the
service of the trustee writ the insurer had at its office "funds . . .
due" the defendant in the action here.   It appeared that no money
had been paid on such settlement, that releases were to be given, but
that the giving of them, as well as the payment, was deferred "to a
later and more convenient date."   The alleged trustee was discharged.
On exceptions by the plaintiff, it was *held,* that
   (1) The burden was upon the plaintiff to prove that the defendant
had agreed to the destruction of his cause of action in tort in Con-
necticut without actually receiving money, or that the insurer, alleged
trustee, had agreed to pay him without obtaining simultaneously a
release of his claim which was the subject of his action in Connecticut;
   (2) The plaintiff as a matter of law had not sustained that burden;
   (3) The plaintiff had not shown that, at the time of the service of
the writ, there was money or any other thing due the defendant from
the alleged trustee "absolutely and without any contingency," as
required by G. L. (Ter. Ed.) c. 246, § 32, Fourth;
   (4) The alleged trustee properly was discharged.

TORT.   Writ in trustee process dated January 19, 1934.

Service of the writ was made upon the insurance com-
panies as alleged trustees on January 19, 1934.   After the

answer by the alleged trustees described in the opinion, they were discharged in the Superior Court by order of *Williams,* J. The plaintiff alleged exceptions.

*W. J. Griffin,* for the plaintiff.

*D. F. Gay & E. S. Prendergast,* for the insurance companies, alleged trustees, submitted a brief.

LUMMUS, J. The plaintiff, Frances Banionis, on December 25, 1932, was a passenger in an automobile owned and operated by Peter Banionis, junior, of Worcester, who was insured by a single policy issued at Worcester by two associated insurance companies, for "all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injuries . . . sustained by any person or persons . . . and caused by the . . . operation . . . within the United States of America" of said automobile, and because of accidental injury to or destruction of property, caused by such operation. The automobile collided in Connecticut with one owned and operated by the defendant Lake, and the plaintiff was hurt.

Lake brought an action of tort for personal injury and property damage against Peter Banionis, junior, in the Superior Court of Connecticut. On January 18, 1934, the two insurance companies, having appeared by counsel in defence of Banionis, agreed with Lake in Connecticut to pay him $700 in settlement of his action and claim, but no money was paid and no release or other discharge was taken.

On January 19, 1934, this action of tort was begun in Worcester County to recover from Lake for the personal injuries sustained by the plaintiff in the collision. No service was made on Lake, but service was made on the two insurance companies, which were summoned as trustees in trustee process. The two insurance companies answered interrogatories and disclosed the facts herein stated. The judge discharged them, and the plaintiff excepted.

It was possible for Lake to accept the promise to pay $700, instead of its performance, in satisfaction of his claim in tort against Peter Banionis, junior. *Tuttle* v. *Metz Co.* 229 Mass. 272, 275. *White Sewing Machine Co.* v. *Morrison,*

232 Mass. 387, 388. *British Russian Gazette & Trade Out-
look, Ltd.* v. *Associated Newspapers, Ltd.* [1933] 2 K. B.
616. Williston, Contracts, §§ 1841, 1846. But such a
satisfaction is unusual, and presumably was not intended.
*White* v. *Beverly Building Association,* 221 Mass. 15, 18.
*Forbes* v. *Allen,* 240 Mass. 363, 367. *Waitzkin* v. *Glazer,*
283 Mass. 86, 87. Williston, Contracts, §§ 1842, 1843,
1847. It was the payment of $700 to Lake that was to
be in full settlement of his claim, and payment was never
made. Releases were to be given, but the giving of them,
as well as the payment, was deferred "to a later and more
convenient date." It is true, that the answers of the trus-
tees admit that the agreement for settlement "was intended
as a final determination of said action in conformance with
the *mores* of attorneys in this community," and that on
January 19, 1934, there were at the home office of the insur-
ance companies at Hartford, Connecticut, "funds . . . due
to" Lake. But, on the whole, we think that means no more
than that the insurance companies stood by their bargain
with Lake. However good the agreement for settlement
may have been as an executory contract (*Hunt* v. *Brown,*
146 Mass. 253; *Segal* v. *Allied Mutuals Liability Ins. Co.*
285 Mass. 106; *Taborsak* v. *Massachusetts Bonding & Ins.
Co., ante,* 8), the plaintiff has not sustained the burden which
is upon her (*Porter* v. *Stevens,* 9 Cush. .530; *Krogman* v.
*Rice Brothers Co.* 241 Mass. 295, 300) of showing that Lake
agreed to the destruction of his cause of action in tort with-
out actually receiving the money, or that the insurance
companies agreed to pay Lake without obtaining simul-
taneously a release of his claim against Peter Banionis,
junior.

G. L. (Ter. Ed.) c. 246, § 32, Fourth, prevents attachment
by trustee process where the "money or any other thing
due from him [the trustee] to the defendant," is not, at the
time of service of the writ on the trustee, "due absolutely
and without any contingency." Where upon some con-
tingency the debt may not become payable at all, the trustee
cannot be charged. *Krogman* v. *Rice Brothers Co.* 241 Mass.
295, 300. *Matthew Cummings Co.* v. *Grande,* 281 Mass..

546, 549. Here the possibility remained that Lake might refuse to execute and deliver a release and thus might never become entitled to any money from the trustees. The trustees were properly discharged.

*Exceptions overruled.*