SIDNEY SHERMAN & another *vs.* ISADORE SIDMAN.

Suffolk. October 4, 1937. — March 30, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Accord and Satisfaction.*

An agreement in the nature of an accord of a disputed claim, made to avoid litigation and providing for payments of agreed sums in the future, was not intended to be in itself a satisfaction and, not being fully performed, did not discharge the claim.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 21, 1936.

The case was heard by *Devlin*, J., and in this court was submitted on briefs.

*B. Cohen*, for the plaintiffs.

*B. Feinberg*, for the defendant.

FIELD, J. This is an action of contract brought in the Municipal Court of the City of Boston by writ dated February 21, 1936, on an account annexed to recover the sum of $488.79, money had and received. The answer was a general denial and discharge by accord and satisfaction. The judge denied seven of the plaintiffs' eight requests for rulings. A report to the Appellate Division was ordered dismissed, and the plaintiffs appealed.

The report is not in proper form since it does not show that there was a finding for either party. But since no objection has been made to the form of the report and the omission may be supplied by reference to the docket entries which show that there was a finding for the defendant, we consider the case on that basis. See Rule 29 of the Municipal Court of the City of Boston (1932); Draft Report Model accompanying such rules, page 50; *Nolan* v. *Newton Street Railway*, 206 Mass. 384, 388; *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22.

Testimony of one of the plaintiffs tended to show that his firm employed the defendant as a salesman of their merchandise strictly on a commission basis and advanced him $488.79 in anticipation of commissions to be earned by him on future sales of merchandise, and that, after the defendant left the plaintiffs' employ, the witness made numerous requests of the defendant "to return the money advanced to him in anticipation of commissions which he never earned," and "after numerous promises by him to pay same which he never fulfilled, the plaintiffs brought suit . . .; that during the pendency of said suit, the plaintiffs and the defendant agreed on a compromise settlement, and, in consideration of said compromise, the plaintiffs allowed said suit to be nonsuited. Subsequently, the defendant failed to carry out the promises of the compromise

and thereafter, on December 30, 1935, a new compromise agreement was drawn up between the parties." This witness testified further "that the defendant failed again to carry out the promises of this last written compromise and as a consequence, the plaintiffs brought this suit to recover the original sum due, namely, $488.79."

Testimony of the defendant, on the other hand, tended to show that his agreement with the plaintiffs was to sell their merchandise on commission and a weekly salary of $25, and that the sum for which this action was brought represented the "unpaid" salary "which he failed to receive" from the plaintiffs. He testified "that he signed an accord and satisfaction agreement . . . on December 30, 1935, in which he agreed to pay the plaintiffs the sum of $100 in full settlement of this claim, and that $25 was paid by him to the plaintiffs on account of same; that the plaintiffs on numerous occasions demanded from him the balance due but that he was unable to pay them because of business conditions," and "that he owed the plaintiffs nothing."

The written agreement of December 30, 1935, referred to by both witnesses, which was signed by them, was introduced in evidence. It reads as follows: "December 30, 1935. I, Isadore Sidman, agree with Sidney Sherman and Morton Sadwin that I am to pay them $100.00 in full settlement of their claim against me, the amount of which is greatly in dispute, and on account of which they brought suit against me some time ago in the Boston Municipal Court. I am to pay them that amount of money in installments from time to time as I have the necessary money. I claim that I owe them nothing, but I am willing to pay them $100 in order to avoid litigation, and the expenses and troubles connected with it. On account of the amount agreed upon and for which this matter is to be settled I am paying this day $25. Signed by all the parties this 30th day of December, 1935."

This action is brought upon the original claim of the plaintiffs to recover money advanced by them to the defendant, and not upon the written agreement. The only question argued relates to the defence of accord and satis-

faction. The report of the denial by the trial judge of the plaintiffs' sixth request for a ruling that "The defendant has not sustained the burden of proving an accord and satisfaction as a defence to this action," considered in connection with the general finding for the defendant, presents the question whether the evidence warranted a finding that this defence was established. See *Commonwealth* v. *Hull,* 296 Mass. 327, 329, and cases cited. The denial of this request was error, since the evidence did not warrant a finding that this defence, which the defendant had the burden of proving (*Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 300), was established.

The evidence warranted a finding that the plaintiffs had a claim against the defendant which was the subject of an honest and reasonable dispute, that an agreement was entered into between the parties as set forth in the written agreement, that this written agreement referred to the disputed claim upon which the action was brought, and that the parties thereby agreed that this claim should be settled in the manner stated in the written instrument. Such an agreement, if not invalid on other grounds, is supported by consideration and enforceable according to its terms. Mutual promises to settle such a disputed claim are sufficient consideration for each other. See *Chamberlain* v. *Barrows,* 282 Mass. 295, 299; Am. Law Inst. Restatement: Contracts, §§ 76, 77, 78 b. See also *Hunt* v. *Brown,* 146 Mass. 253–254. The promise of the defendant to pay the plaintiffs the sum of $100 "in installments from time to time as I have the necessary money," though conditional, is not so indefinite as to be insufficient consideration for the implied promise of the plaintiffs to accept such payment in full settlement of their claim or as to render the agreement unenforceable upon proof that the condition was met. See *Barnard* v. *Cushing,* 4 Met. 230, 234; *Custy* v. *Donlan,* 159 Mass. 245, 247; *Boynton* v. *Moulton,* 159 Mass. 248, 249; *Nathan* v. *Leland,* 193 Mass. 576, 581–582; *Barber* v. *Rathvon,* 250 Mass. 479, 483; Williston, Contracts (Rev. Ed.), § 804. A finding was warranted, if not required, that there was a contract in the nature of an accord.

But it does not follow that it could have been found that the defence of accord and satisfaction was proved. An unexecuted accord does not discharge the original claim (*Prest* v. *Cole*, 183 Mass. 283, 285, *White* v. *Beverly Building Association*, 221 Mass. 15, 18, *Waitzkin* v. *Glazer*, 283 Mass. 86, 87), unless it appears that the parties intended that the agreement constituting the accord, and not performance thereof, should effect such a discharge — that is, that the agreement should constitute both accord and satisfaction. See *Tuttle* v. *Metz Co.*, 229 Mass. 272, 275; *White Sewing Machine Co.* v. *Morrison*, 232 Mass. 387. But such an intention is unusual. *Banionis* v. *Lake*, 289 Mass. 146, 148. Compare Williston, Contracts, § 1847. No such intention is disclosed by the written agreement, interpreted in the light of the extraneous circumstances most favorable to the defendant. See *Arcade Malleable Iron Co.* v. *Jenks*, 229 Mass. 95, 100. The emphasis in the written agreement is upon performance. The defendant agrees that "I am to pay . . . in full settlement," and repeats the phrase "I am to pay . . . in order to avoid litigation." And, in referring to the payment made on account, the defendant says, "I am paying this day $25," and describes this payment as on account of the "amount agreed upon and for which this matter is to be settled." Settlement in the future by payment, rather than at present by the defendant's agreement, appears from the written agreement to have been in the minds of the parties when the agreement was made. An intention on the part of the plaintiffs to surrender their old rights without performance of the agreement is not disclosed. The case is distinguishable from *Tuttle* v. *Metz Co.* 229 Mass. 272, where such an intention was shown. It more nearly resembles *Banionis* v. *Lake*, 289 Mass. 146.

Furthermore, the written agreement clearly did not contemplate that a payment of $25 on account should be full satisfaction of the accord. And partial satisfaction does not discharge the original claim. *Lait* v. *Sears*, 226 Mass. 119, 123–124, 125–126. Williston, Contracts, § 1843.

The sixth request for a ruling obviously refers to accord

and satisfaction as a bar to the action and not to an unexecuted accord as suspending action on the original claim until breach of the accord by the defendant. Whether in any circumstances or in any proceedings an unexecuted accord can be availed of for this purpose need not be decided. See, however, *Clifton* v. *Litchfield*, 106 Mass. 34, 40–41; *Rodocanachi* v. *Buttrick*, 125 Mass. 134, 137; *Hayes* v. *Allen*, 160 Mass. 286. And compare Williston, Contracts, §§ 1842–1845; Am. Law Inst. Restatement: Contracts, § 417.

The error in denying the plaintiffs' sixth request for a ruling vitiated the finding for the defendant. Consequently, it is not necessary to pass specifically upon the other requests for rulings which were denied. However, to a considerable extent, the principles involved therein have been stated in the course of the discussion of the sixth request.

*Order dismissing report reversed.*
*Case to stand for trial.*