DOROTHY MCFADEN *vs.* ROBERT A. NORDBLOM.

Suffolk.    December 3, 1940. — December 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Accord and Satisfaction.*

Testimony by the plaintiff in an action for assault upon a woman, that the defendant offered to pay her certain weekly amounts for life if she would not sue him, that she accepted the offer and "thereafter . . . considered the assault and battery incident closed as far as she was concerned," that she looked to the defendant for such payments, and that she intended to hold him to the agreement only until she went back to work, did not require a finding that the defendant's promise was accepted as in itself both an accord and a satisfaction of her claim for assault; and in the absence of full performance of the defendant's promise the claim was not discharged.

TORT.    Writ in the Superior Court dated March 22, 1937.

Before *Morton,* J., a verdict was returned for the plaintiff in the sum of $8,750.

*G. A. McLaughlin,* for the defendant.

*W. F. Kane & M. L. McGrath,* for the plaintiff, submitted a brief.

RONAN, J.    The jury returned a verdict for the plaintiff in this action of tort to recover damages for an alleged assault, and the defendant excepted to the refusal to grant his motion for a directed verdict.

The plaintiff testified that the defendant visited her while she was confined to a hospital as a result of the assault, which occurred on July 7, 1936, and told her that if she would not give publicity to the matter and would not sue him for damages he would pay her $25 a week during her life; that "she accepted the agreement to pay her $25 a week and

that thereafter she considered the assault and battery incident closed as far as she was concerned" and that she looked to the defendant for these payments each week for the rest of her life. She also testified that she intended to hold the defendant to this agreement only until she went back to work. There was evidence that the payments in accordance with the agreement were made until February, 1937.

The defendant contends that his defence of accord and satisfaction has been proved, as matter of law, by the testimony of the plaintiff which is binding upon her. In other words, he contends that a finding was required by the plaintiff's testimony that she accepted the defendant's agreement itself as an accord and satisfaction of her claim against him.

In determining whether or not there was error in refusing to direct a verdict for the defendant, the plaintiff is entitled to have the evidence viewed in the aspect most favorable to her, and, ordinarily, she is not estopped from relying upon the testimony of other witnesses which is more favorable than her own in establishing the liability of the defendant. *Hill* v. *West End Street Railway*, 158 Mass. 458, 459. *White-acre* v. *Boston Elevated Railway*, 241 Mass. 163. *Horneman* v. *Brown*, 286 Mass. 65, 70, 71. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167. The rule is of general application. A plaintiff might honestly be mistaken in his narration of the physical facts constituting his cause of action and may properly ask a jury to find as true the facts as set forth in the testimony of the other witnesses. But he has no such right to ask the jury to disbelieve his testimony concerning his knowledge, motives, purposes, emotions or feelings — matters concerning which he alone can have any personal experience or information and upon which he should be able to speak with reasonable assurance of the truth. Testimony of that character is binding upon the party who gives it. *Laffey* v. *Mullen*, 275 Mass. 277. *Butler* v. *Graves*, 284 Mass. 84, 85. *Germaine* v. *Boston & Albany Railroad*, 298 Mass. 501. *Ramseyer* v. *Conlon*, 303 Mass. 270. *Beebe* v. *Randall*, 304 Mass. 207, 210–211. 9 Wigmore, Evidence (3d ed.) § 2594a.

The testimony of the plaintiff as to her intentions in accepting the agreement to settle her claim for damages by weekly payments by the defendant to her comes within the decisions last mentioned and is binding upon her. But in so far as it is material our inquiry is as to the meaning and effect of her testimony as a whole in relation to the contract between her and the defendant. If the fair import of the testimony is that the parties to the agreement understood and accepted the agreement itself as accord and satisfaction for her claim, then her claim has been discharged. *Wood* v. *Sherer*, 186 Mass. 562. *Tuttle* v. *Metz Co.* 229 Mass. 272. *White Sewing Machine Co.* v. *Morrison*, 232 Mass. 387. But an agreement in the nature of an accord, made to avoid litigation, by payments to be made in the future will not constitute a satisfaction of the claim if the parties intended that the claim was not to be discharged until all the payments had been made. An intention that the agreement shall be both the accord and satisfaction is unusual. *Banionis* v. *Lake*, 289 Mass. 146. 6 Williston, Contracts (Rev. ed.) §§ 1841, 1846. Am. Law Inst. Restatement: Contracts, § 419. Where the parties relied not upon the agreement alone but upon its performance, there is no satisfaction, and the claim is not discharged, if performance is not completed. An unexecuted accord is not satisfaction. *Dedham Lumber Co.* v. *Hartung*, 278 Mass. 488. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297. *Waitzkin* v. *Glazer*, 283 Mass. 86. *Sherman* v. *Sidman*, 300 Mass. 102. *Zlotnick* v. *McNamara*, 301 Mass. 224.

The evidence that the plaintiff accepted the agreement is not sufficient to show that she accepted it in full satisfaction of her claim. There could be no accord unless the parties first had assented to a contract making the accord, and the mere acceptance of the agreement might properly be construed to mean that she agreed with the defendant upon the terms of the accord. She testified that she considered the assault and battery incident closed as far as she was concerned after she accepted the agreement. If that statement standing alone indicated that her claim was discharged by the agreement, yet it is clear that it did not

stand alone, for she immediately thereafter testified "that she looked to the defendant for payments . . . each week" and "that she intended to hold . . . [him] to this agreement only until she went back to work." It is plain, considering all she said respecting the agreement, that the jury were warranted in finding, as they did, that the plaintiff did not accept the agreement alone in full discharge of her claim. Her evidence could be found to mean that she stood by the bargain she had made with the defendant and that she did not intend to discharge her claim without the actual payment to her by the defendant of the sums he had agreed to pay. There was no error in submitting to the jury the question whether the defence of accord and satisfaction had been proved or in their finding that there was no satisfaction of the plaintiff's claim. *Lait* v. *Sears*, 226 Mass. 119. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297. *Waitzkin* v. *Glazer*, 283 Mass. 86. *Banionis* v. *Lake*, 289 Mass. 146. *Sherman* v. *Sidman*, 300 Mass. 102. *Zlotnick* v. *McNamara*, 301 Mass. 224.

*Exceptions overruled.*