ERNEST J. CORRIGAN *vs.* ANN B. PAYNE & another.

Middlesex.     November 5, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Accord and Satisfaction.*

An accord whereby the maker of a second mortgage note in arrears was to vacate the premises and convey them to the mortgagee upon his demand was not satisfied by the mortgagee's taking possession in his own behalf and thereafter treating the property as his own until the first mortgage was foreclosed, without demanding or receiving a deed of the premises, and the accord was not a bar to an action on the note.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated February 3, 1937.

The action was heard by *Green*, J.

*L. K. Nathanson*, for the plaintiff.

*R. C. Evarts*, for the defendant.

RONAN, J. This is an action of contract against the makers of a promissory note for $4,000, dated May 1, 1930, payable in three years, and secured by a second mortgage of real estate in Belmont. Payments on the note were in arrears in June, 1932, and the male defendant offered to vacate the mortgaged premises and to convey them to the plaintiff on his demand. The plaintiff accepted this offer, took possession of the premises, collected the rents, and paid the expenses incurred by the maintenance of the property, until the foreclosure of the first mortgage in 1936. There was evidence that these expenses exceeded the receipts. The plaintiff took possession not as agent of the defendants but solely in his own interest, and thereafter treated the property as his own. He never requested a deed although the male defendant was ready and willing to execute and deliver a deed. We have stated the subsidiary findings of the trial judge, who made a general finding for the defendants and also an alternative finding for the plaintiff in the sum of $4,611.50. The plaintiff appealed from an order of the Appellate Division dismissing the report.

The answer contained a general denial and an allegation of payment; and averred that the note was secured by a second mortgage on a certain parcel of real estate, and that "the defendants surrendered and delivered to the plaintiff the equity in said real estate to the plaintiff in full payment of said note, and has since the time of said surrender and delivery taken over said real estate, and acted as the owner thereof collecting all rents and profits therefrom. Wherefore the defendants say that the plaintiff cannot recover in this action."

The agreement made in June, 1932, was independent of and separate from the written promise of the defendants, evidenced by their note, to pay the plaintiff a certain amount

of money, and under an allegation of payment the defendants could not show the execution and performance of such subsequent agreement. *Grinnell* v. *Spink*, 128 Mass. 25. *Ulsch* v. *Muller*, 143 Mass. 379. *Hunt* v. *Brown*, 146 Mass. 253. There was error in denying the plaintiff's fifth request, that the defendants had not sustained the burden of proving that the note had been paid. We do not, however, rest our opinion on this ground as we prefer to deal with the principal defence, that the liability of the defendants has been discharged by an accord and satisfaction.

We assume in favor of the defendants that the accord could be found to have been supported by a valid consideration. *Gilson* v. *Nesson*, 198 Mass. 598. *Montuori* v. *Bailen*, 290 Mass. 72. But the mere making of the accord did not release the defendants and entitle them to a discharge of the mortgage and a surrender of the note. The accord remained executory until the plaintiff had taken possession and until the defendants had conveyed the premises to him. In other words, the accord itself was not a satisfaction of the plaintiff's claim. *Dedham Lumber Co.* v. *Hartung*, 278 Mass. 488. *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297. *Waitzkin* v. *Glazer*, 283 Mass. 86. *Banionis* v. *Lake*, 289 Mass. 146. *Sherman* v. *Sidman*, 300 Mass. 102. *Zlotnick* v. *McNamara*, 301 Mass. 224. *McFaden* v. *Nordblom*, 307 Mass. 574.

The judge found that the plaintiff took possession of the premises not as an agent of the defendants but solely "to protect his own interests, and treated it as his own from then on." The plaintiff did not record any certificate of entry, G. L. (Ter. Ed.) c. 244, § 2, and he did not exercise the power of sale contained in the mortgage. There is nothing to show that the mortgage was not in the usual statutory form, G. L. (Ter. Ed.) c. 183, § 18, and upon breach of its conditions the mortgagee was empowered to take possession. G. L. (Ter. Ed.) c. 183, § 26. An entry by a mortgagee while the breach continued, even if ineffectual for the purpose of foreclosure under G. L. (Ter. Ed.) c. 244, § 1, was valid for the purpose of collecting the rents and profits and the mortgagee would then become liable to

account to the mortgagor. *Stone* v. *Patterson*, 19 Pick. 476. *Welch* v. *Adams*, 1 Met. 494. *Shepard* v. *Richards*, 2 Gray, 424. *Cook* v. *Johnson*, 121 Mass. 326. *Lamson & Co. (Inc.)* v. *Abrams*, 305 Mass. 238. *Davis* v. *Newburyport Five Cents Savings Bank*, 311 Mass. 377.

The general finding for the defendants included an implied finding that the defendants vacated the premises and the plaintiff entered into possession and that this constituted a part performance of the accord by the defendants. There was no full performance by the defendants as they never conveyed the premises to the plaintiff. Their oral promise to deed them to him did not transfer any interest in the land. G. L. (Ter. Ed.) c. 183, § 3. *Linsky* v. *Exchange Trust Co.* 260 Mass. 15. *Montuori* v. *Bailen*, 290 Mass. 72. The defendants, although ready and willing to convey the property, never tendered a deed. Under the agreement the deed was to be delivered on the demand of the plaintiff. *Pead* v. *Trull*, 173 Mass. 450. The accord remained unexecuted on account of the failure of the plaintiff to demand a deed, and the question arises whether this precludes the defendants from relying upon the accord and satisfaction as a bar to the action. The original cause of action is not ordinarily extinguished by part performance of the accord. While there is some conflict among the authorities, we think that where, as here, failure completely to execute the accord is due to the failure of the creditor to demand a deed, the accord and satisfaction is not a defence to an action upon the original claim, and that the debtor has a right to recover damages from the creditor for breach of the accord or to secure specific performance where the nature of the accord is such as to make such a remedy available. This rule is supported by the Am. Law Inst. Restatement: Contracts, § 417 (d), and follows as a logical and necessary conclusion from our own decisions, although the precise point here presented does not seem to have been directly and definitely adjudicated. *Bemis* v. *Charles*, 1 Met. 440. *Clifton* v. *Litchfield*, 106 Mass. 34. *Hunt* v. *Brown*, 146 Mass. 253. *New York, New Haven & Hartford Railroad* v. *Martin*, 158 Mass. 313. *Cook* v. *Richardson*, 178 Mass. 125. *Anglo-*

*American Land, Mortgage & Agency Co.* v. *Dyer*, 181 Mass. 593. *Prest* v. *Cole*, 183 Mass. 283. *Waitzkin* v. *Glazer*, 283 Mass. 86. See *Union Central Life Ins. Co.* v. *Imsland*, 91 Fed. (2d) 365, 368.

There was error in the action of the judge which in substance was a denial of the plaintiff's first request that upon all the evidence a finding for the plaintiff was warranted, and of the fourth request, that upon all the evidence a finding was "not warranted that there had been an accord and satisfaction of the plaintiff's claim." The defence set up in the answer, that the defendants had "surrendered and delivered" the equity in the real estate in full payment of the note, has not been sustained and the liability of the defendants upon the note has not been discharged.

It follows that the order of the Appellate Division is reversed, and judgment is to be entered for the plaintiff in accordance with the alternative finding of the judge.

*So ordered.*