V. & F. W. FILOON CO. *vs.* WHITTAKER CORPORATION. September 4, 1981. The defendant appeals from a judgment awarding damages against it for breach of contract. The defendant argues on appeal that the trial court incorrectly assessed the damages, either by failing to correct a legal error in the master's report (see *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 283 [1976]) or by ignoring one of the master's findings (see *A. Leo Nash Steel Corp.* v. *Southern New England Steel Erection Co.*, 9 Mass. App. Ct. 377, 383 [1980]).

1. The defendant's contention that the master's interpretation of the contract rendered the plaintiff's obligations thereunder illusory is without merit. The plaintiff's promise to curry a minimum of 40,000 pounds of leather each month was sufficient consideration to support the contract. See *Marine Contractors Co.* v. *Hurley*, 365 Mass. 280, 286 (1974), and cases cited; 1 Williston, Contracts § 102A, at 380 (3d ed. 1957). That a part of the consideration offered by the plaintiff, standing alone (but see *Gomes* v. *Fagerberg*, 10 Mass. App. Ct. 927 [1980]), might have been illusory is no objection to the sufficiency of the consideration. See *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.*, 357 Mass. 40, 43 (1970); 1 Corbin, Contracts § 126, at 538 (1963); 1 Williston, Contracts § 134, at 564 (3d ed. 1957). Con-

trast *Gill* v. *Richmond Co-op. Assn.*, 309 Mass. 73, 79-80 (1941). The law is not concerned with the adequacy of the consideration, as long as it is "valuable." *Barnett* v. *Rosen*, 235 Mass. 244, 249 (1920). *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.*, 357 Mass. at 43.

2. The defendant's argument that the master found that the contract had been modified and that the trial court erred in assessing damages under the original contract is similarly unavailing. The question whether a party intends to relinquish his contractual rights by entering into a subsequent agreement is one of fact. See *Concannon* v. *Galanti*, 348 Mass 71, 73-74 (1964) (accord and satisfaction); *A. Leo Nash Steel Corp.* v. *Southern New England Steel Erection Co.*, *supra* at 383 (modification); *Puma* v. *Gordon*, 9 Mass. App. Ct. 489, 495 (1980) (rescission). Despite some unfortunate phrasing in the master's report (see *Goldstein* v. *Widett*, 360 Mass. 126, 128 [1971]), he did find that (a) the defendant was in partial breach of the contract in December, 1973, and in January, 1974, (b) the parties had reached a subsequent agreement in March, 1974, the purpose of which was to compensate the plaintiff for the earlier shortages in the amount of material furnished by the defendant to the plaintiff to be curried, and (c) the defendant had breached this latter agreement in June, July and August of 1974. These general findings are amply supported by his subsidiary findings, which we cannot say are clearly erroneous. Based on these findings, the master correctly treated the second agreement as a mere accord, and determined that damages were properly to be assessed under the original arrangement. We agree. See *Goldstein* v. *Widett*, 360 Mass. at 129-131. Contrast *Zlotnick* v. *McNamara*, 301 Mass. 224, 225-227 (1938); *Costonis* v. *Medford Housing Authy.*, 343 Mass. 108, 113 (1961). Because a partial satisfaction does not discharge an accord (see *Sherman* v. *Sidman*, 300 Mass. 102, 106 [1938]; *Corrigan* v. *Payne*, 312 Mass. 589, 591-592 [1942]), damages were properly assessed under the original agreement.

*Judgment affirmed.*

*William M. Simmons* for the defendant.
*Joan I. Milstein* for the plaintiff.