MIDDLESEX INSURANCE COMPANY & others[1] *vs.* ALBERT P. DeCRISTO-FORO. August 12, 1982. DeCristoforo's sole claim in his appeal from a judgment holding him individually liable for premiums on insurance policies written by the plaintiff companies is that a settlement agreement executed by the parties in December, 1973, bars the plaintiffs' claims. We concur with the trial judge that the agreement is not a bar and affirm the judgment.

The 1973 agreement provided for mutual waiver of existing claims against, among others, the plaintiffs, Newton-Peirce Insurance Agency, Inc. (Newton-Peirce), and DeCristoforo, its president and sole stockholder. It also provided for the dismissal of certain actions, the preparation of releases, the payment of $17,000, and the execution of a note by Newton-Peirce to the plaintiffs. The releases were never delivered and payment to the plaintiffs was never made. To the contrary, funds in a bank account of Newton-Peirce consisting wholly of deposits of premiums, ninety-one percent of which were for policies written by the plaintiffs, were withdrawn by DeCristoforo and used for other corporate purposes. Newton-Peirce went out of business during this period.

DeCristoforo does not claim that he would not be individually liable in the absence of the 1973 agreement. See G. L. c. 175, § 176. See also *Union Mut. Cas. Ins. Corp.* v. *Insurance Budget Plan, Inc.*, 291 Mass. 62, 71 (1935). As indicated earlier, he rests his argument entirely on the waiver of claims against him in the agreement.

An examination of the compromise agreement reveals that the waiver of claims was, as the judge found, conditioned on the performance by Newton-Peirce of its obligations. It failed to perform and its failure was occasioned by DeCristoforo's use of its bank account for other purposes.

---

[1] Patriot General Insurance Company and North Bridge Corp.

"Where the parties relied not upon the agreement alone but upon its performance, there is no satisfaction, and the claim is not discharged, if performance is not completed." *McFaden* v. *Nordblom,* 307 Mass. 574, 576 (1940). Restatement (Second) of Contracts § 281 (1981). 6 Corbin, Contracts § 1268 (1962). 15 Williston, Contracts § 1847 (3d ed. 1972).

In view of our holding that the waiver was conditioned on performance, we need not consider whether the waiver clause would be applicable to claims against DeCristoforo arising out of his withdrawal of deposits subsequent to the date of execution of the 1973 agreement.

*Judgment affirmed.*

*Susan K. Sloane (Peter V. Kent* with her) for Albert P. DeCristoforo.
*Roberta L. Paris* for the plaintiffs.