WILLIAM E. OLSON *vs*. NELSON E. CHARLAND. July 10, 1985. *Practice, Civil*, Directed verdict.

At the conclusion of all the evidence, the trial judge directed a verdict in favor of Charland, one of two defendants. Olson, the plaintiff, appeals from the judgment which flowed from that order.

The case arises out of a collision of speed boats on a section of the Connecticut River in Northampton known as the Ox-Bow. Olson, who was fourteen at the time (this action was brought by his father as next friend), was a passenger in Charland's speed boat, which Charland was taking on a maiden cruise. On the basis of testimony given by Olson, by Charland, and by Pinette, another passenger in Charland's boat, Charland was running the vessel straight along the channel, all the while hugging the shore to his right. LaFrance, a defendant, was maneuvering a boat in the opposite direction and unaccountably rammed Charland's boat on the port stern. A fourth witness, Cuzzone, who was also on the river in a boat, gave evidence tending to confirm this account, and added that LaFrance's breath smelled of alcohol.

LaFrance and his passenger, Dawn Preston, gave a different account. They testified that Charland's boat zig-zagged, and, as Preston put it, LaFrance "counter zig-zagged."

Olson suffered injuries in the accident, largely from fiberglass fragments. He recovered a judgment against the defendant LaFrance from which no appeal was taken.

The LaFrance-Preston version of events is less than compelling, especially having in mind the position of the boats when they collided, but that does not resolve whether Charland was entitled to a directed verdict on Olson's negligence claim against him. It may be that the judge thought

Olson was bound by his own testimony, which described Charland as operating his boat in a careful manner and placed LaFrance solely at fault. On a motion for a directed verdict, however, the plaintiff, ordinarily, is not estopped to rely upon the testimony of other witnesses which is more favorable than his own in establishing the liability of the defendant. *Whiteacre* v. *Boston Elev. Ry.*, 241 Mass. 163, 165 (1922). *McFaden* v. *Nordblom*, 307 Mass. 574, 575 (1940). Liacos, Massachusetts Evidence 129 (5th ed. 1981). "A plaintiff might honestly be mistaken in his narration of the physical facts constituting his cause of action and may properly ask a jury to find as true the facts as set forth in the testimony of the other witnesses." *McFaden* v. *Nordblom, supra* at 575.

There is no occasion to depart, therefore, from the usual principle that a motion for a directed verdict can be granted only if, construing the evidence most favorably to the plaintiff, it is still insufficient to support a verdict in his favor. *DiMarzo* v. *S. & P. Realty Corp.*, 364 Mass. 510, 514 (1974). *Alholm* v. *Wareham*, 371 Mass. 621, 627 (1976). That test is applied without passing on the credibility of the witnesses. The question is whether a rational inference may be drawn in favor of the plaintiff on any reasonable view of the evidence. *Ibid*. It should have been left to the jury to decide in this case whether there was anything to the testimony that Charland had steered an erratic course, thus confusing LaFrance, causing him, in turn, to adopt an erratic course, and provoking the collision in which the plaintiff was hurt. In any but a plain case, of course, it is better to obtain a jury verdict, which is then subject to a motion for judgment notwithstanding the verdict under Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974). *Soares* v. *Lakeville Baseball Camp, Inc.*, 369 Mass. 974, 975 (1976).

*Judgment reversed.*

*Cornelius J. Moriarty, II*, for the defendant.
*Patrick J. Melnik*, for the plaintiff, submitted a brief.