Welsh, J.
This is an action among co-tenants in which the plaintiffs who are spouses are seeking contribution from the defendant for payment made in excess of their proportionate share of mortgage principal, interest, taxes, utilities and legal expenses incurred with respect to a condominium which the plaintiffs and the defendant and her former spouse owned in Plymouth, New Hampshire. The defendant’s former spouse was discharged in bankruptcy and is not a party to this action.
On or about February 19,1987, the plaintiffs as joint tenants and the defendant as joint tenant with her then husband (and each couple as tenants in common with respect to the other), acquired title to a condominium in Plymouth, New Hampshire. The co-owners jointly agreed to pay the mortgage note and the expenses relating to the ownership, including taxes, utilities, condominium fees, capital improvements and the like. The defendant and her former spouse defaulted on their agreement so that the plaintiffs had to pay all of the expenses occurring after the defendant’s default in consequence of their joint and several undertaking. They now seek reimbursement for disbursements in excess of their proportionate share.
The property was sold pursuant to a judgment and decree in a partition proceeding entered in the probate court in New Hampshire. The property was sold at a loss, resulting in a deficiency which the plaintiffs were required to pay.
The trial judge entered judgment for the plaintiffs on their complaint in the sum of $54,732.06, including interest and costs. The judge dismissed the counter-claim on the merits. We determine there was no prejudicial error.
The appellant raises essentially three issues on appeal. We address them seria-tim.
1. The trial judge refused to act upon the defendant’s requests for rulings of law on the grounds of prolixity. The defendant filed thirty-eight requests for rulings. A trial judge is not required to deal with a deluge of requests palpably in excess of a number appropriate to preserve for review issues of law fundamental to the case sub iudice. Hogan v. Coleman, 326 Mass. 770, 773 (1951). While perhaps not required, the better course of action is for the trial judge to require a reduction to a reasonable number as a condition for his or her entertaining the requests. Commercial Credit Co. v. Stan Cross Buick, Inc., 343 Mass. 622, 626 (1962).
*2 We need not reach the question whether the judge in this case properly declined to act upon the defendant’s requests. Here, the judge made specific and detailed special findings of fact clearly elucidating his reasoning and addressing the legal issues properly raised by the requests. In such a case, the requests are superfluous. Ricky Smith Pontiac, Inc. v. Subaru of New England, Inc., 14 Mass. App. Ct. 395, 405 (1982); Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981).
2. Fundamentally, the appellant contends that the judge erred in his determination that the defendant’s failure to execute and deliver a written indemnification agreement was a failure to make “satisfaction” so as to warrant imposition of liability as it existed before the “accord and satisfaction” was entered into. The judge found warrantably upon the evidence that the plaintiffs had undertaken to release and discharge the defendant from liability to the plaintiffs as co-owners, provided that the defendant conveyed her interest in the property by deed. This part of the defendant’s undertaking was accomplished. The judge also found that the defendant did not provide the indemnification agreement required by the “accord.” The judge determined that the indemnification agreement was an essential ingredient in the performance contemplated fully to satisfy the “accord.” This factual determination must stand unless pronounced “clearly erroneous.” A finding is clearly erroneous when although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed. Sanquinetti v. Nantucket Construction Co., Inc., 5 Mass. App. Ct. 227, 228 (1977). In discerning the intent of the parties, it is not unreasonable to conclude that the parties were endeavoring to dispose of all claims and contentions that had arisen, or which might at some future time arise out of the now defunct condominium venture. The importance of the indemnification agreement as an element in coming to a final resolution of the dispute, especially as to any possible future claims, is self-evident. In any case, it was part of the bargained for performance the parties decided upon.
An unexecuted “accord” does not discharge the original obligation unless the trier of fact warrantably concludes that the agreement constituting the “accord,” and not the performance thereof should operate to discharge the original obligation. McFaden v. Nordblom, 307 Mass. 574, 575 (1941). An intention that the new agreement be both an accord and satisfaction is unusual. Id.; Sherman v. Sidman, 300 Mass. 102, 106 (1938). An unexecuted accord is generally not a satisfaction. Unless it is fully performed, the original obligation is not discharged. Corrigan v. Payne, 312 Mass. 589, 591 (1942). A finding that the agreement constituting the accord, and not the satisfaction thereof, should effect a discharge of the original undertaking should be based upon a clear indication manifest in the agreement itself that such was the intention of the parties. Lipson v. Adelson, 17 Mass. App. Ct. 90, 92-93 (1993). The burden of proving the accord and satisfaction is on the defendant. Usually, this is a question of fact. Champlin v. Jackson, 313 Mass. 487, 489 (1943).
Parenthetically, if we were to credit the defendant’s contention that the indemnification agreement was a separate and collateral undertaking, it is at least arguable that such undertaking would be wholly gratuitous and unsupported by consideration, and thus unfavorable. Clearly, such a result could not have been intended by the parties.
3. The judgment and decree in the partition proceedings did not operate as a bar to the present action. Such proceedings did not extinguish the claim for contribution among the co-tenants since divestment of title would neither defeat such claims nor bar future claims. This action proceeds upon a theory of express contract based upon an oral agreement among the co-tenants to share equally in the expenses arising out of their ownership of the condominium. Compare Howland v. Stowe, 290 Mass. 142, 147 (1933). This agreement is an undertaking broader in *3 scope than the common law duty imposed upon co-tenants in a tenancy in common to contribute toward the common expenses. For example, at common law a co-tenant who pays the cost of improving or repairing the property was not entitled to contribution from the other co-tenants in the absence of an agreement to contribute. Calvert v. Aldrich, 99 Mass. 74, 78 (1868). The accounting following a partition by sale is confined to matters “in reference to the common land.” Asker v. Asker, 8 Mass. App. Ct. 634, 640 (1979). It would not extend, for example, to personal property allegedly removed and converted. Moseley v. Moseley, 240 Mass. 22, 25 (1921). The same is true with respect to other elements of possible future liability. In any case, the property was sold at a loss and the proceeds, if any, did not compensate for the monies advanced by plaintiffs.
4. The judge was not required to find that there was an ouster of the defendant by the plaintiffs. Ouster is generally a question of fact. See Joyce v. Byer, 189 Mass. 64 (1905). The plaintiffs’ sole possession does not by itself constitute an ouster. Nickerson v. Nickerson, 235 Mass. 348, 352 (1920). The change of locks absent other circumstances does not require a finding of ouster.
There being no prejudicial error, the appeal is dismissed.
So ordered.