O'HALLORAN et al. v. McGUIRK.

(Circuit Court of Appeals, First Circuit. February 18, 1909.)

No. 777.

**1. Appeal and Error (§ 241*)—Presentation in Lower Court of Grounds of Review—Motion for Direction of Verdict.**

The fact that a motion for direction of a verdict was general on the whole record will not preclude a review of the ruling thereon by the Circuit Court of Appeals, where it is apparent that the propositions relied on were fully presented to the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1413, 1416; Dec. Dig. § 241.*]

**2. Courts (§ 365*) — Federal Courts — Authority of Decisions of State Courts.**

What constitutes a misnomer in a criminal complaint or warrant for violation of the laws of the state is a local question, as to which the federal courts will follow the settled rule of the state courts, in the absence of any statute on the subject.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 955; Dec. Dig. § 365.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**3. False Imprisonment (§ 7*) — Illegality of Arrest—Misnomer of Defendant—Massachusetts Statute.**

Under Rev. Laws Mass. 1902, c. 218, § 19, which provides that an indictment of a defendant by a fictitious or erroneous name shall not be ground for abatement, and section 67, which extends the provisions of the chapter to complaints as well as indictments, the omission of the middle name of a defendant from a complaint or warrant is not a misnomer which will give the defendant a right of action for false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 10; Dec. Dig. § 7.*]

**4. Arrest (§ 65*)—Criminal Charge—Authority Under Warrant.**

While an officer making an arrest by virtue of a warrant need not exhibit the same until asked for, he must have the warrant in his possession.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 163, 164; Dec. Dig. § 65.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Boyd B. Jones (Winfield S. Slocum, on the brief), for plaintiffs in error.

Jesse C. Ivy (Charles S. Ensign, Jr., on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This was a suit for an alleged illegal arrest by an officer proceeding under a criminal warrant in the state of Massachusetts. The arrest is alleged to have been illegal for two reasons: First, because of an alleged misnomer in the warrant; and, second, because it is maintained that at the time the arrest was made,

the officer did not have the warrant with him. The verdict was for the plaintiff, and the defendants sued out this writ of error. It is convenient to call the parties plaintiff and defendants, in the same way in which they were described in the Circuit Court.

There were two counts in the declaration, but the jury returned a general verdict. The plaintiff maintains that, as the jury found a general verdict, any exceptions by the defendants to the ruling of the court relating to the misnomer only, even if sustained, would not be sufficient to set aside the verdict. She makes the same claim as to any ruling relating to the proposition that the warrant was out of the possession of the officer when the arrest was made. This is not the law in civil cases, though otherwise generally in the United States in criminal proceedings; but it will not be necessary to consider this proposition under the view which we take of the case in other respects.

The defendants moved the Circuit Court that a verdict be directed for them, which was refused. The motion was entirely general on the whole record, without any specification of the reasons why a verdict should be so directed. It occasionally happens that the various Circuit Courts of Appeals refuse to entertain so general a motion. This is usually on the ground that the Circuit Courts of Appeals are shy of entertaining on appeal matters which were not brought to the attention of the trial court, and justly so; but this practice has no necessary application where it is apparent that the same propositions have been fairly brought to the attention of both tribunals. Such is the fact here as to everything which we will determine.

The name of the plaintiff as given in the warrant was Florence. The same name appears in the complaint. The name which she claims is Florence B. At the common law, and in the federal courts, this would not be a misnomer, because, at the common law, everything beyond the surname and the Christian name proper is inconsequential. By the settled local practice of Massachusetts, however, the rule is otherwise; so that independently of some statute this variance would have been fatal in the courts of that state. This being purely a local question and the law being settled and the decisions of the state courts having been uniform for a long period of time we would, except for the statute to which we will refer, be obliged to follow the local rule. Following that rule the arrest would ordinarily be illegal as was explained in West v. Cabell, 153 U. S. 78, 14 Sup. Ct. 752, 38 L. Ed. 643. Of course, in all courts it would be open to the defendants to show that the plaintiff was as well known by the name of Florence as by the name of Florence B. Proper instructions were given by the Circuit Court on this proposition, but the jury must have found that the facts did not apply to it. If compelled to pass on a motion to direct a verdict for the defendants so far as related to the question of fact thus involved, we might be induced to rule for them; but the case on this point is met by Rev. Laws Mass. 1902, c. 218, §§ 19, 67, as follows:

"Sec. 19. If the name of an accused person is unknown to the grand jury, he may be described by a fictitious name or by any other practicable description, with an allegation that his real name is unknown. An indictment of the defendant by a fictitious or erroneous name shall not be ground for abatement; but if at any subsequent stage of the proceedings his true name is dis-

covered, it shall be entered on the record and may be used in the subsequent proceedings, with a reference to the fact that he was indicted by the name mentioned in the indictment."

"Sec. 67. The provisions of this chapter, and the forms hereto annexed, shall apply as well to complaints as to indictments, and such forms shall be sufficient in cases to which they are applicable. In other cases, forms as nearly like the forms hereto annexed as the nature of the cases and the provisions of law will allow may be used; but any other form of indictment or complaint which is authorized by law may be used."

These statutory provisions have not been under consideration by the Supreme Judicial Court of Massachusetts with reference to a mere complaint, so far as we are advised. We have nothing to do with section 19, except so far as it is necessary to explain section 67. In view of the hardship of the rule of the common law with reference to the liability of executive officers in consequence of an error of the courts in the matter of misnomer, this statute, according to the ordinary principles of interpretation, should be construed to meet every case fairly within its letter. The complaint and warrant before us are fairly within its letter, as well as fairly within its spirit, and, so far as we can perceive, section 67 affords a full defense to this branch of the plaintiff's case.

The other point on which the plaintiff rested her case is well supported so far as the law is concerned. We are unable to find any satisfactory authority to the contrary. An officer is not bound to exhibit his warrant to the person whom it authorizes him to arrest until asked for; but Codd v. Cabe (decided April 29, 1876) 1 Ex. D. 352, by the Court of Appeals from inferior courts, consisting of Baron Bramwell and Justices Mellor and Denman, is sufficient authority that the officer who seeks to arrest by virtue of a warrant must have the warrant in his possession at the time of the arrest. We need not undertake to define exactly what is meant by "in his possession," and must not be held to have done so. Of course, it does not necessarily mean that the warrant shall be actually in his hand. However, no subordinate question of that character arises here.

Of course, the ordinary presumption arises, although, of itself, not a very strong one, that the officer did his duty, and had the warrant in his possession when the arrest was made. Here the presumption is supported by the testimony of the officer that he had the warrant always with him, and it is in line with all the undisputed incidents in the story of the transactions involved. Therefore, some substantial evidence was required on the part of the plaintiff to overcome this presumption. It is not necessary that we should detail the proofs on this point. It is sufficient to say that we have carefully read the record, and we find in it no evidence whatever sustaining the proposition of the plaintiff that the officer did not have his warrant when he should have had it, or even raising any presumption of that character. Therefore, the normal and lawful presumption must stand; and it is impossible to sustain the plaintiff on this point.

There are certain exceptions to the instructions given by the court, but these exceptions refer in general terms to long extracts from the instructions, each covering nearly two printed pages. Under the prac-

tice in the federal courts it may well be doubted whether these particular exceptions were valid because the practical rule is that exceptions shall be taken to a certain proposition of law advanced by the trial judge and clearly pointed out. Exceptions taken to long extracts from the charge may not be valid if any portion of the extracts recites what is correct as matter of law. The federal courts have been over this rule so many times that it is not necessary to explain it further; and, under the circumstances, it is not required that we analyze this particular part of the case, because the verdict must be set aside for the reasons already stated.

We infer the plaintiff claims that there was a motion to the Circuit Court for a new trial, in which the same questions were raised which we have discussed, and that, therefore, the exceptions before us were waived in advance. We do not understand that the authorities cited by the plaintiff are to this point, nor do we understand that the practice at the common law was ever so strict as she claims. Under some circumstances the courts have, in advance, required the party deeming himself aggrieved to elect whether he will proceed by motion or by exceptions. However, in this circuit, the matter is settled by the second paragraph of rule 15, which is to the effect that no motion for a new trial shall operate as a waiver of exceptions, or of a right to exceptions, or of a right to relief by error or appeal, although the trial court may decline to hear any such motion involving questions as to which the party claiming relief has a right to proceed by error, unless that right is waived. No such requirement was made in this case.

The judgment of the Circuit Court is reversed, the verdict set aside, and the case remanded to that court for proceedings not inconsistent with our opinion passed down this 18th day of February, 1909; and the plaintiffs in error recover their costs of appeal.