## UNITED STATES ex rel. MOUQUIN v. HECHT, Marshal.

Circuit Court of Appeals, Second Circuit. November 1, 1927.

No. 55.

1. **Criminal law ⊂⊃278(1)—Claim of invalidity of indictment on account of misnomer of accused must be raised by plea in abatement.**

Claim of misnomer of person accused, so far as it goes to validity of indictment, must be raised by plea in abatement.

2. **Criminal law ⊂⊃335—Issue of identity of accused is always open, and prosecution has burden of proof thereon.**

Issue of identity of accused is always open, and prosecution has burden of proof of identity, which is ordinarily shown by similarity of name.

3. **Criminal law ⊂⊃242(1)—Only person whom grand jurors intended to indict can be removed to another state for trial under indictment.**

Only person who can be removed to another state for trial under indictment is person whom grand jurors had in mind in framing indictment.

4. **Indictment and information ⊂⊃81(1)—Intention of grand jury as to person indicted is ascertained from words used, considered in light of attending circumstances.**

Intention of grand jury as to person to be indicted is ascertained from words used, meaning of which may in case of doubt be found by considering circumstances under which they were uttered.

5. **Criminal law ⊂⊃242(7)—Evidence held to sustain finding of commissioner, removing accused to another district for trial under indictment, that accused was person intended by grand jury in indictment.**

In proceedings by accused for habeas corpus to review order for removal to another district for trial under indictment, evidence *held* to sustain finding of commissioner that accused, though having different middle initial, was person intended by grand jury in its indictment.

Appeal from the District Court of the United States for the Southern District of New York.

Proceeding by the United States, on the relation of Louis C. Mouquin, for a writ of habeas corpus to be directed to William C.

Hecht, Marshal, to review an order of the United States Commissioner removing petitioner to the District Court of Nebraska for trial on an indictment. From an order of the District Court dismissing the writ, petitioner appeals. Affirmed.

The indictment was for conspiracy to violate the National Prohibition Law (27 USCA) by possessing, transporting, and selling intoxicating liquors. Ten overt acts were laid, from which it appeared that the substance of the supposed crime was the sale in Omaha by one of the conspirators of liquors which the others were to ship from New York. The appellant was charged as one of the shippers and as receiving the purchase price. He was indicted under the name of Louis A., instead of Louis C., Mouquin.

At the hearing the prosecution offered the indictment in evidence, and then attempted to prove the identity of the appellant with the defendant in the indictment. For this purpose one Gilbert, a prohibition agent, swore that before the indictment was found he came to New York and frequented the restaurant of the appellant on Sixth avenue in Manhattan, of which by his conduct he appeared to be the owner. Gilbert eventually went back to Omaha, appeared before the grand jury, to whom he described the man whom he had come to know in New York as Louis A. Mouquin, the owner of the restaurant at the place where he had seen him. Another agent, Beck, swore that one Geeting, an alleged conspirator, had told him that liquors bought by Beck came from the Louis A. Mouquin Company, or Mouquin, Inc., with the latter of which the appellant was not connected. Beck also found a telegram addressed to Louis A., or Louis C., Mouquin, in Geeting's waste paper basket, and went with Geeting to a bank where Geeting got a draft in favor of Louis A. Mouquin, later traced to the appellant's bank of deposit, where it was cashed upon an indorsement not in the appellant's hand.

Ferris, Shepard, Joyce & McCoy, of New York City (John E. Joyce, of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (John J. Fogarty, of Yonkers, N. Y., and Ben Herzberg, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1] It is important to detach the exact question raised by the appeal. The result of the misnomer does not here arise, since, so far as it goes to the validity of the indictment, it must be raised by plea in abatement. 1 Bish. New Cr. Proc. § 677 (2). The error, being in the middle initial, is probably not available anyway. Games v. Dunn, 14 Pet. 322, 327, 10 L. Ed. 476; Cox v. Durham, 128 F. 870, 874 (C. C. A. 8); O'Halloran v. McGuirk, 167 F. 493, 494 (C. C. A. 1). All that is before us is whether the appellant is the person in fact indicted, because, though it was suggested at the bar that the prima facie case made by the indictment had been answered, plainly there is no merit in the contention.

[2-4] Identity is ordinarily proved prima facie by similarity of name, though that may be answered by showing that there are two persons of the same name. When the names are not alike, other proof is necessary; we may assume that the issue is always open, and that the prosecution has the burden of proof. Strictly, no proof is relevant that the person arrested committed the crime. The jurors do not indict the man who committed the crime, but him described in the evidence before them. They may select another and an innocent man, though the person arrested be guilty. If so, the prosecution fails on the issue of identity, which must be settled before that of guilt becomes relevant. Thus the only person who can be removed is the person whom the jurors mean to indict. Their meaning is to be ascertained, like any other, from the words they use, not from what is in their minds; but the meaning to be attributed to their words may, in case of doubt, be found by looking at the circumstances under which they are uttered. This is a universal canon. Now the only circumstances relevant to the words used are the evidence before them when they find the indictment, for it is from these alone that they get any acquaintance with the subject. They are to be understood, therefore, as indicting the persons described in the testimony, if doubt arises. Hence, if it be shown that the witnesses described the person arrested, he is the person indicted.

[5] In the case at bar Gilbert swore that to the grand jury he described the person of whom he was speaking as the person he had come to know and the owner of the restaurant on Sixth avenue in Manhattan, and that he called this person Louis A. Mouquin. When the jurors used that name, they meant that person; thus the prosecution proved the identity of the appellant, for nobody disputes that he is the person whom Gilbert so described.

The point is new, so far as we have been able to learn; but there seems to us no question that, on principle, this is the proper answer.

Order affirmed.