## UNITED STATES ex rel. SAKIN v. MULLIGAN.
## No. 456.

Circuit Court of Appeals, Second Circuit.
July 26, 1932.

Edwin J. Lukas, of New York City, for appellant.

George E. Q. Johnson, U. S. Atty., of Chicago, Ill., and James C. Leaton, Sp. Asst. to Atty. Gen., for the Northern District of Illinois.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The federal grand jury sitting within and for the Northern district of Illinois indicted Benjamin Sakin together with numerous other individuals and corporations. Violations

of the National Prohibition Act (27 USCA) were charged. The indictment was No. 21145, sub nomine United States v. Anastassoff Srebren et al.

Benjamin Sakin was secretary and treasurer of C. H. Selick, Inc., as alleged in the indictment. The relator was also connected with that corporation, and is a brother of Benjamin. The relator, it is claimed, was the man indicted under the name of Benjamin Sakin, and an order for his removal was issued upon his voluntary surrender in the Southern district of New York.

A government agent named Kania was one of the witnesses who testified before the grand jury. His affidavit was filed, and he also testified in the removal proceedings to the effect that when he testified before the grand jury he thought the relator was Benjamin Sakin.

The relator, however, denied that he was the man the grand jury indicted, and this was a fact which it was necessary for the government to prove. The case is somewhat unusual, in that both Benjamin Sakin and Charles P. Sakin are the real names of actual men, and both were engaged in the same business. The record affords us no means whatever of knowing whether the grand jury intended to indict the relator under any name. Without proof that the grand jury meant the relator when it charged Benjamin with guilt, we can only take it that it believed the man named was the man who had committed the offense. See U. S. ex rel. Monquin v. Hecht (C. C. A.) 22 F.(2d) 264. If we had before us the evidence on which the grand jury acted, we might be able to decide that question. At present it has not been shown that the relator's existence was even known to it. Kania thought Charles P. Sakin was Benjamin Sakin until some time after he testified before the grand jury, and that body must have thought, however erroneously, that Benjamin Sakin was the man concerning whom Kania testified and the man it voted to indict. That it did not presumably know the whole truth does not alter the fact concerning the identity of the man it actually indicted. The name used in the indictment would not serve to prevent the removal of the relator if it were shown that he was indicted under some name. On the face of things, the grand jury intended to indict some one else. We do not know what credence it gave to the testimony of Kania. The real Benjamin Sakin may have been indicted on other evidence before it. It may be that the government would not be aided by disclosing all the evidence before the grand jury, but without proving more than that Kania was mistaken in identifying a man it has proved only that the wrong man may have been indicted on the mistaken testimony. However that may be, the fact remains that the relator has not been identified as the Benjamin Sakin who was indicted, but only shown to be the man Kania had in mind when he testified in the erroneous belief that his name was Benjamin. It was plainly Benjamin and not the relator who was actually indicted. That, rather than who should have been indicted, is what controls now.

Order reversed.