## UNION PAC. R. CO. v. OWENS.

### No. 9940.

Circuit Court of Appeals, Ninth Circuit.

April 14, 1944.

Roy F. Shields, of Portland, Or., and Hamblen, Gilbert & Brooke, of Spokane, Wash., for appellant.

Frank C. Hanley, of Portland, Or., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

A money judgment was awarded Bertha A. Owens in the District Court for damages resulting from the injury and death of her husband, Leyle F. Owens, while performing services as an employee of Union Pacific Railroad Company, a corporation, in an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59. This court upon appeal held that as a matter of law decedent Owens had assumed the risk in the activities which led to his death and reversed upon this premise, 129 F.2d 1013. The Supreme Court found this to be error and reversed and remanded to this court, 319 U.S. 715, 63 S.Ct. 1271, 87 L. Ed. 1683. The facts need not be repeated here.

We thought it clear that Owens assumed the risk as a matter of law and reversed without going further. Many years before the accident with which this action is concerned the company had promulgated and had never withdrawn its Rule 30 which is as follows: "Engine bell must be rung when an engine is about to move and when approaching or passing public crossings at grade, stations, tunnels and snowsheds."

Our theory was that since the evidence was all one way to the effect that Rule 30, as to switching in the yard, had not been applied for many years during which Owens had been engaged in the same activities, he had assumed the risk that the engine would move without a warning bell.

We proceed to consider other points presented on appeal.

It will be recalled that evidence was introduced which showed without conflict that Rule 30 had not been applied in years as to switching operations in the yard. This evidence, however, was limited by the trial court to the issue of assumption of risk and was specifically excepted from application to the issue of negligence, though it was offered upon both issues. The company contends the limitation of such testimony was reversible error.

The jury should have had Rule 30 submitted to it together with the testimony as to the use or nonuse of the rule in its consideration of negligence as well as of assumption of risk. See the Supreme Court's opinion in this case. Also, see Mary Tennant, Administratrix, v. Peoria & Pekin Union Ry. Co., 64 S.Ct. 409. The trial court, however, submitted the rule without the custom relating to its being noncomplied with and instructed the jury that noncompliance with Rule 30 upon the occasion of the fatal movement constituted negligence per se.

It is contended that although there was adequate objection to the ruling of the court that custom evidence would not be received and applied to the ringing of the engine bell, the point was lost because no objection was noted to the court's instruction that custom evidence should be limited in its application as heretofore explained.

It is argued that Rule 51 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, applies and that it precludes the raising of the alleged error as to the shutting out of the custom testimony as to the nonringing of the engine bell. Rule 51, which we set out in the margin [1] applies to instructions and the point is here raised upon a ruling refusing to admit proffered testimony. Furthermore, the prime reason for Rule 51 is that the trial judge shall be informed of any error in the instruction that he may correct it before the case is submitted to the jury. It will be seen that the point had been made and decided adversely to the company at a time when evidence both pro and con could have been presented in due course of the trial had the court ruled otherwise. The court, therefore, was well aware of the claimed error when it gave its instruction and refused the proposed instruction. We hold that the rule does not deprive the company of its reserved objection to the court's ruling during the taking of testimony.

We conclude that the trial court should have admitted the referred-to proffered custom evidence upon the issue of negligence, that it was reversible error to refuse its admission, and that it was reversible error to instruct the jury that the nonobservance of Rule 30 as to ringing of the bell in the instant circumstances was negligence per se.

The Supreme Court mentions but does not decide the question of whether or not the 1939 amendment to the Federal Employers' Liability Act abolishing the defense of assumption of risk, 53 Stat. 1404, 45 U.S.C.A. § 54, "operates where the accident occurred before its enactment but suit is brought after." This problem has not been presented to us either by brief or by oral argument and notwithstanding anything we have said herein we intimate no opinion thereon.

The judgment is reversed and the case is remanded with instructions to the trial court to apply the law in accordance with the opinion of the Supreme Court and with this opinion and order.

Reversed and remanded.

---

[1] "Rule 51. Instructions to Jury: Objection. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."