William QUILES, et al., Plaintiffs,

v.

Joaquin KILSON, et al., Defendants.

No. CIV.A.98–40242–NMG.

United States District Court,
D. Massachusetts.

Nov. 30, 2004.

Jessica Diane Hedges, Hrones & Garrity, Boston, MA, for Esbeida Guzman, Goya Cortez, Jose Cortez, Maria Guzman, Miribel Guzman, Ramon Larios, Reyna Cortez, William Quiles, Plaintiffs.

Stephen B. Hrones, Hrones & Garrity, Boston, MA, for Esbeida Guzman, Goya Cortez, Jose Cortez, Maria Guzman, Miribel Guzman, Ramon Larios, Reyna Cortez, William Quiles, Plaintiffs.

Aderonke O.A. Lipede, Fitzhugh, Parker & Alvaro LLP, Boston, MA, for Esbeida Guzman, Goya Cortez, Jose Cortez, Maria Guzman, Miribel Guzman, Ramon Larios, Reyna Cortez, William Quiles, Plaintiffs.

William P Breen, Jr., Murphy, Hesse, Toomey, and Lehane LLP, Quincy, MA, for City of Fitchburg, Donald J. Richards, Edward Thurston, Joaquin Kilson, John J. Murray, Jude Chabot, Kenneth Maynard, Peter Kymalainen, William Lawrence, Defendants.

### MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs, seven minor children and one adult, sued defendants, individual police officers and the City of Fitchburg ("the City"), as a result of strip searches of plaintiffs during the course of a drug-related apartment search. Plaintiffs alleged that the individual police officers violated their constitutional rights to be free from illegal searches and seizures and that the City violated their constitutional rights by failing adequately to train its officers on the proper methods for executing a search.

#### I. *Background*

On August 19, 2004, after a four-day jury trial, the jury rendered a verdict in favor of defendants on all counts. Plaintiffs now move for a new trial pursuant to Fed.R.Civ.P. 59, arguing that an instruction given to the jury before deliberations

and the response to a question posed by the jurors during jury deliberations were in error because the Court did not limit the scope of the allegedly illegal custom of strip searching to drug cases.

The error alleged by plaintiffs relates to Question 5 on the verdict form, which read:

Do you find, by a preponderance of the evidence, that, at the time of the subject search on September 6, 1996, the City of Fitchburg had a policy or a custom of strip-searching all people present when searches were executed *without individualized suspicion* in violation of their constitutional rights to be free from unwarranted searches?

[emphasis in original].

Plaintiffs' complaint alleged, *inter alia,* that

The City of Fitchburg has established a custom of deliberate indifference to the rights of its citizens by not adequately training its officers on the proper methods for executing a search.

The complaint did not limit the accusation to searches involving a suspicion of illegal drug activity.

Prior to and during the trial, both parties had the opportunity to submit proposed jury instructions and proposed verdict forms. The instructions and verdict forms submitted by plaintiffs did not limit the scope of the alleged custom regarding strip searches to drug-related cases.

The Court held a lengthy charge conference on August 18, 2004, before the close of evidence, during which the Court ruled on requested instructions. The Court also provided the parties with a draft of the verdict form, which contained a question substantially similar to Question 5, and the Court and counsel discussed Question 5. While both parties stated some objections to the proposed instructions and to the

verdict form questions, neither party objected to the fact that the court's instructions did not limit the scope of the allegedly illegal searches to those conducted in suspected drug cases. The phrase "drug case(s)" was neither referred to nor requested to be part of the charge and was not mentioned with respect to any proposed verdict form.

As part of the jury charge, the Court read and discussed Question 5. The Court noted that plaintiffs had alleged that the City of Fitchburg maintained a custom or policy of unconstitutionally strip-searching all persons during warranted searches, without individualized or reasonable suspicion, and explained that the City would be liable only if the jury found that such a custom or policy existed and that it proximately caused the deprivation of the plaintiffs' civil rights. No reference to "drug cases" was made in the charge and that phrase was not included in the verdict form.

After the Court delivered its instructions to the jury and provided jurors with copies of the verdict form, the parties were given an opportunity, at sidebar, to object to those instructions and to the verdict form. Just as at the charge conference, neither party objected to the instructions or the verdict form regarding the scope of the allegedly illegal searches.

The jury began its deliberations on August 19, 2004, in the early afternoon. During the following few hours, the jury sent three questions to the Court. One of those questions was:

The jury respectfully requests clarification of Question 5. Does this include searches in all types [sic] cases, or just cases similar to this drug-related search?

After discussion with counsel, the Court instructed the jury that the question relat-

ed to searches in all kinds of cases. At 5:46 p.m. that same day, the jury reached its verdict, answering Question 5 in the negative.

In an affidavit attached to plaintiffs' motion for a new trial, which defendants move to strike, counsel for plaintiffs stated that, on August 19, 2004, after the verdict was announced and the jury had been dismissed, the jury forewoman approached him and

> stated that everyone wanted to find for the plaintiffs on the liability of the City of Fitchburg issue but when the judge did not answer the last question that the custom [referred to in Question 5] related only to drug cases, the jury felt that it could not find for the plaintiffs.

## II. *Discussion*

Rule 59 of the Federal Rules of Civil Procedure provides that a court may grant a new trial for any reason for which new trials were granted at common law. In an early case involving Fed.R.Civ.P. 59, the Supreme Court stated:

> The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.

*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). A trial court may

> set aside a verdict and order a new trial if, in its opinion, the verdict is against the clear weight of the evidence, is based upon evidence that is false, or resulted from some trial error and

amounts to a clear miscarriage of justice.

*Payton v. Abbott Labs*, 780 F.2d 147, 152 (1st Cir.1985).

Plaintiffs have not alleged that the verdict was against the clear weight of the evidence or was based on false evidence. Rather, they allege that the verdict was based on a trial error and resulted in a clear miscarriage of justice. They have not, however, succeeded in convincing this Court that the jury instructions at issue were in error.

Plaintiffs failed to make a timely objection, pursuant to Fed.R.Civ.P. 51, to the Court's instructions regarding the scope of the allegedly illegal searches. They also failed to make a timely request that the Court limit Question 5 to drug related searches. Thus, they have not preserved the alleged error as required by Rule 51. Absent a specific objection, the Court may consider the alleged error in the jury instructions only if it is plain and affects substantial rights. Fed.R.Civ.P. 51(d)(2).

Question 5 accurately inquired whether the City had violated plaintiffs' rights as alleged and the Court's response to the jury's request for clarification of Question 5 was consistent with the question posed. Throughout the case, plaintiffs maintained that the City had a policy of strip searching individuals without individualized inquiry but they did not attempt to limit that accusation to drug cases until after the jury retired to deliberate and asked a specific question in that regard. Plaintiffs presented evidence at trial that might have been sufficient to support a verdict that the City had a policy of strip searching individuals without individualized suspicion, as asked in Question 5, but plaintiffs did not explicitly limit the evidence of such searches to drug cases.

Had the City maintained a custom or policy of searching, without individualized

suspicion, all people present *in drug searches,* such a policy may have violated plaintiffs' constitutional rights. However, such a claim was never made to this Court until plaintiffs filed their motion for a new trial and evidence to support such a claim was not presented to the jury. Plaintiffs now seek, in effect, to amend their complaint to state a claim with respect to which they think the jury would have found defendants liable. They are not entitled to have this Court set aside the jury's verdict and order a new trial on that basis. *See* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2805 (2d ed.1995), *citing Krock v. Electric Motor & Repair Co.,* 327 F.2d 213 (1st Cir.1964) (stating that when matters "could have been asserted prior to the motion for a new trial, an attempt to claim them in that motion was without effect as far as an appeal was concerned"); *see also Kirstner v. Atlantic Greyhound Corp.,* 190 F.2d 422, 423 (4th Cir.1951) (holding that a party's failure to request more specific jury instructions precludes court's consideration of the matter on appeal).

Plaintiffs have failed to demonstrate that the jury instructions, taken as a whole, were erroneous or rendered the verdict a miscarriage of justice. A new trial, therefore, is unwarranted and defendant's motion for a new trial will be denied.

Plaintiffs' allegations with respect to the conversation between plaintiffs' attorney and the jury forewoman, while troubling, are irrelevant to the issue of whether a new trial is warranted. The allegations bear on the issue of whether the alleged error was prejudicial but if there was no error in the first place, prejudice is not an issue. Even if all of the jurors were ready to find the City liable based upon a charge that was not presented to them, plaintiffs are not entitled to a new trial because they

have not demonstrated that the verdict resulted from an error of law. At best, plaintiffs' contention tends to show that plaintiffs' counsel made a tactical error by failing to limit the scope of the City's allegedly unconstitutional policy of strip searches. For that reason, and as underscored by the deep-rooted and well-founded hesitation of courts to intrude into the lives and reasoning of jurors after a verdict is rendered, plaintiffs' motion for an "evidentiary hearing" with the jury forewoman will be denied. *See, e.g., Tanner v. United States,* 483 U.S. 107, 127, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (noting that "long-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry").

Finally, defendants move to strike the affidavit of plaintiffs' counsel in support of the motion for a new trial, claiming that the affidavit contains hearsay, speculation and self-serving opinion. The motion is unopposed and, although defendants' characterizations are accurate, the Court does not rely upon the affidavit in reaching its decision on the motion for a new trial or on the motion for an evidentiary hearing. The motion to strike will, therefore, be denied as moot.

### ORDER

Based on the foregoing:

1. Plaintiffs' Motion for New Trial (Docket No. 107) is **DENIED;**

2. Plaintiffs' Motion for Evidentiary Hearing with Jury Forewoman (Docket No. 109) is **DENIED;** and

3. Defendants' Motion to Strike Plaintiffs' Counsel's Affidavit in Support of Motion for New Trial (Docket No. 117) is **DENIED** as moot.

**So ordered.**