SUSANA RAMOS VDA. DE VÁZQUEZ ET AL., demandantes y recurridos, *v.* JOSÉ FERNANDO VÁZQUEZ CINTRÓN, demandado y recurrente.

*Número:* 12696. *Resuelto:* 25 de abril de 1962.

*Antonio Figueroa Rivera,* abogado del recurrente; *Guillermo S. Pierluisi,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En un pleito titulado "Juicio de Testamentaría y Partición de Bienes", el Tribunal Superior dictó la siguiente

### "Sentencia

"De conformidad con lo anteriormente expuesto se dicta Sentencia decretando que los bienes relictos al fallecimiento del

.causante José F. Vázquez Ortiz montan a $18,850; que dicho caudal ha producido rentas a razón de $80 mensuales a partir del 27 de febrero de 1956; que contra dicho caudal debe descontarse $698.38 de gastos de funeral y entierro; y que existen deudas contra el mismo montantes a $7,560.39.

"Se decreta igualmente que contra dicho caudal debe reconocerse al demandado, y pagársele, las sumas de $1,250 y $200, la primera con intereses legales a partir del 16 de julio de 1956, y la segunda sin intereses.

"Regístrese y notifíquese.

"San Juan, Puerto Rico, 5 de septiembre de 1957.

"(Fdo.)  Carlos Santana Becerra
Carlos Santana Becerra
Juez Tribunal Superior"

Ante nos el demandado alega que al dictar la anterior sentencia, el Tribunal Superior cometió los siguientes dos errores:

"1. Los apelantes alegan que incurrió en error fatal el Tribunal apelado al no conceder intereses sobre los $1,250 y sobre los $200 que otorgó al demandado José F. Vázquez Cintrón desde la fecha en que éste llegó a su mayor edad; y

"2. El Tribunal apelado incurrió en error fatal al entender en este caso sin tener jurisdicción en el mismo, en primer lugar porque la acción instada no es la correspondiente, y además porque los demandantes no establecieron en el juicio haberse efectuado el pago de la contribución sobre herencia o su exención del pago de tal contribución."

La susodicha sentencia está predicada en las siguientes conclusiones de derecho:

"La cuestión de derecho a resolverse es si las cantidades de $200 y de $1,250 que los demandantes reconocieron adeudar al demandado devengan o no intereses desde el 6 de septiembre y el 7 de noviembre de 1923, o sea, desde que las referidas sumas fueron entregadas por la Corte de Distrito de Humacao al causante José Fernando Vázquez Ortiz.

"En cuanto a la cantidad de $200 que se origina en la entrega de $482.50 en virtud de la Orden de la Corte de Distrito de Humacao de 7 de noviembre de 1923, es obvio que la misma no constituyó un préstamo o deuda, ni siquiera un depósito, y no

devenga intereses puesto que se le entregó al padre para ser usada en los menores. En cuanto a la cantidad de $1,250 cuyo origen es la entrega de $2,500 que se le hizo al causante en virtud de la Orden de la Corte de Distrito de Humacao de 6 de septiembre de 1923, resulta de la prueba que dicha entrega tampoco constituyó un préstamo o deuda. La Orden de la Corte dispuso que se entregara dicha suma al causante porque él tenía la administración y el usufructo de los bienes, y no se estableció condición alguna. La fianza prestada da a entender que el causante se obligó a invertir dicha suma a favor de los menores en bienes inmuebles, y de no ser así invertida, a devolverla a los menores al llegar éstos a su mayor edad.

"Asumiendo que el causante venía obligado a devolver dicha suma a sus hijos la misma devengaría intereses legales a partir de la fecha en que la devolución fue requerida judicial o extrajudicialmente. *Código Civil:* Artículos 1053 y 1061 (31 L.P.R.A., Secciones 3017 y 3025). Interpretando liberalmente las alegaciones del demandado, y aceptando que ellas conllevan un requerimiento contra los demandantes como herederos del causante para la devolución de dicha suma, los intereses deben contarse a partir de la fecha en que se hizo tal requerimiento, o sea, a partir del 16 de julio de 1956, fecha en que el demandado interpuso su contestación e hizo la alegación.

"De acuerdo con la anterior conclusión el Tribunal resuelve que debe reconocerse como deuda del caudal a pagarse contra éste al demandado, las cantidades aceptadas por los demandantes de $1,250 y de $200, la primera con intereses legales desde julio 16, 1956, y la segunda sin intereses.

"En vista de que no existe constancia en los autos de haberse satisfecho la contribución de herencia o de que los demandantes y el demandado estén exentos del pago de la misma, el Tribunal está impedido, de acuerdo con lo dispuesto en el Artículo 12 de la Ley de Herencia, (13 L.P.R.A., Sección 901), de ordenar disposición, distribución o adjudicación alguna de los bienes hereditarios."

El primer error no fue cometido. El artículo 1061 del Código Civil (31 L.P.R.A., sec. 3025) dispone que si la obligación consistiere en el pago de una cantidad de dinero y el deudor incurriere en mora, la indemnización de daños y perjuicios, no habiendo pacto en contrario, consistirá en el pago de

los intereses convenidos y a falta de convenio, en el interés legal y que mientras no se fije otro por el gobierno se considerará como legal el interés de 6 por 100 al año.

"Incurren en mora—dice el artículo 1053 del Código Civil [31 L.P.R.A, sec. 3017] los obligados a entregar o hacer alguna cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación." Dispone además dicho artículo que no será necesaria la intimación del acreedor para que la mora exista, entre otras cosas: "1—Cuando la obligación o la ley lo declaren así expresamente." Alega el recurrente que su caso cae dentro de esta excepción. Su razonamiento es al efecto de que mientras José F. Vázquez Cintrón fue menor de edad, su padre don José F. Vázquez tenía el usufructo y administración de los dineros de su hijo pero que ese usufructo y esa administración terminaron al cesar la minoría de edad de José F. Vázquez Cintrón pues siendo dicho usufructo uno constituido por ley (31 L.P.R.A. sec. 1502) el mismo se extinguió al expirar su plazo (31 L.P.R.A. sec. 1571). Sigue argumentando que habiendo concluido ese usufructo y esa administración el día 22 de junio de 1934 en que José F. Vázquez Cintrón llegó a su mayoría de edad, ahí comenzó la obligación legal de don José F. Vázquez a entregarle a su hijo los dineros que a éste pertenecían, ya que al expirar el plazo legal de usufructo, la ley ordena que se entregue al propietario la cosa usufructuada. (32 L.P.R.A. Sec. 1580.) ■

La falla de este argumento estriba en que ninguno de los artículos del Código Civil referentes al usufructo citados por el recurrente, disponen expresamente que el usufructuario incurrirá en mora si terminado el usufructo, aquél no entregare al propietario la cosa usufructuada. (¹)

---

(¹) El artículo 450 del Código Civil (31 L.P.R.A. sec. 1580), dispone: "§1580. Entrega al propietario

"Terminado el usufructo, se entregará al propietario la cosa usufructuada, salvo el derecho de retención que compete al usufructuario o a sus herederos por los desembolsos de que deban ser reintegrados. Verificada la entrega, se cancelará la fianza o hipoteca."

Comentando el artículo 1100 del Código Civil Español equivalente al 1053 del nuestro, dice Manresa en relación con la excepción que alega el recurrente le exime de la intimación judicial o extrajudicial:

"La primera de las dos excepciones que el Código admite a la regla general de ser necesaria para que comience la *mora:* la intimación del acreedor, no ofrece duda alguna: tan solo será conveniente advertir que por la variación de criterio que aquél supone, y ha sido ya explicada con relación al derecho anterior, *no bastará que la ley o la obligación fijen un plazo para el cumplimiento de ésta, aunque con mucha precisión le determinen, si expresamente no añaden que, cumplido, comenzará la mora.* (Enfasis suplido.) Tomo VIII, Vol. 1, Manresa, *Comentarios al Código Civil Español*, pág. 127. (²) ■

Confirma esta doctrina la sentencia del Tribunal Supremo de España de 4 de enero de 1911 que resuelve: "los albaceas que no rinden cuenta como preceptúa el párrafo 1º del art. 907 del Código Civil, no incurren en morosidad por el mero transcurso del tiempo si no ha mediado requerimiento previo, judicial o extrajudicial". ■

El segundo error tampoco fue cometido. La acción aquí ejercitada no es la de división de comunidad (*communi dividundo*). Los peticionarios, si bien incluyeron a un coheredero como demandado, perseguían el propósito de que el Tribunal ordenara y aprobara un inventario del capital y las deudas correspondientes a la sociedad legal de gananciales habida entre don José F. Vázquez Ortiz y doña Susana Ramos; se ordenare la liquidación de dicha sociedad; se determinare el

---

(²) Ejemplos de la mora legal serían el señalado en el inciso 2 del artículo 1390 del Código Civil (31 L.P.R.A., sec. 3872), preceptivo de que el comprador deberá intereses por el tiempo que medie entre la entrega de la cosa y el pago del precio si la cosa entregada produce fruto o renta, y el señalado en el artículo 1394 (31 L.P.R.A. sec. 3876) que autoriza la resolución de la venta de bienes muebles por el solo hecho de no presentarse al deudor, antes de vencer el término fijado para la entrega de la cosa, a recibirla y a pagar el precio.

montante del capital líquido correspondiente a la herencia de don José F. Vázquez Ortiz, se ordenare el pago de las deudas de la herencia y se decretase la división de la misma.

No hay duda de que conforme a las alegaciones de la petición, el Tribunal podía aplicar las disposiciones correspondientes de los procedimientos legales especiales (32 L.P.R.A. sec. 2621-2626) de haber sido ello necesario, para decretar en definitiva la partición de los bienes relictos al óbito de don José F. Vázquez Ortiz. Ello fue innecesario en vista del giro que tomó el procedimiento. Las partes estipularon el monto del haber hereditario, y los bienes que lo constituían; así como el monto de las deudas y su concepto. Lo único que litigaron y que el tribunal resolvió fue si las dos partidas de $1,250 y $200 que los demandantes o peticionarios reconocieron adeudar al demandado, devengaban intereses desde que se contrajo la deuda en 1923 o desde la fecha en que el demandado la reclamó judicialmente. Bajo las alegaciones y las estipulaciones de las partes el tribunal a quo ejerció correctamente su jurisdicción al dirimir dicha controversia. ▪

Por no haber constancia en autos de haberse satisfecho la contribución de herencia, o de haberse concedido exención, el Tribunal a quo se abstuvo expresamente de ordenar la disposición, distribución o adjudicación de los bienes hereditarios, respetando así el mandato de la ley. (13 L.P.R.A. sec. 901.) (³)

*Por las razones expuestas se confirmará la sentencia del Tribunal Superior.*

---

(³) Véase *Ruiz* v. *Ruiz*, 74 D.P.R. 347 (1953).