In re MILFORD COMMON J.V. TRUST, and Seven (7) Similar Trusts, Debtors.

Bankruptcy No. 90–10588–HAL.

United States Bankruptcy Court, D. Massachusetts.

March 13, 1990.

Neal Satran, Nina Parker, Satran & Marino, Boston, Mass., for debtors.

Deborah S. Griffin, Peabody & Arnold, Boston, Mass., for Bank of New England.

MEMORANDUM REGARDING RIGHT TO RENT

HAROLD LAVIEN, Bankruptcy Judge.

On January 30, 1990, representatives of the Bank of New England ("Bank") entered on the property of this debtor and seven other trusts and posted a notice that, in accordance with its mortgage and the assignment of rents, it was entering and taking possession and that, henceforth, rents should be paid to it through its managing agent, Niles Management Company. A copy of the notice was delivered to each of the tenants. The agent of the debtor instructed its employees to remove the notices and, on January 31, 1990, filed its Chapter 11. The Bank, before receiving notice of the filing, posted a second set of notices and obtained from the Massachusetts Superior Court a restraining order against the debtor. The automatic stay prevented any further action by the Bank, including service of the restraining order. The debtor has remained in physical possession and has continued to collect all of its rents. The Bank promptly filed with the bankruptcy court an emergency motion for relief from stay and for authority to continue with its possession and to collect the rents.

The law was clarified by the United States Supreme Court in 1979 in the case of *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136, 4 B.C.D. 1259. The court held that:

> ... Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.
>
> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

Looking to Massachusetts law, an assignment of rent gives the mortgagee a valid security interest which becomes effective upon a default and an overt act by the mortgagee to take actual or constructive possession. Bankruptcy does not change the assignee/mortgagee's right to the rent

so long as possession was obtained pre-filing, or a request is made to the bankruptcy court for relief.

The matter was further extensively analyzed by Bankruptcy Judge James F. Queenan, Jr. in the case of *In re Prichard Plaza Associates Limited Partnership*, 84 B.R. 289 (Bkrtcy.D.Mass.1988). For a further discussion, *see Araserv, Inc. v. Bay State Harness, Etc.*, 437 F.Supp. 1083 (D.C.Mass.1977).

In Massachusetts, the mortgagee has legal title to the mortgaged property and the mortgagor retains an equity of redemption. *Carpenter v. Suffolk Franklin Savings Bank*, 362 Mass. 770, 291 N.E.2d 609 (1973).

. . . . .

The language in M.G.L. c. 183 § 26 does not deal with the actual entry or the procedure by which the mortgagee takes possession.

. . . . .

It has been held in Massachusetts that [a]n entry by a mortgagee while the breach [of the mortgage condition] continued, even if ineffectual for the purpose of foreclosure under G.L. (Ter.Ed.) c. 244, § 1, was valid for the purpose of collecting rents and under G.L. (Ter.Ed.) .c. 244, § 1, was valid for the purpose of collecting rents and profits and the mortgagee would then become liable to account to the mortgagor. *Corrigan v. Payne*, 312 Mass. 589, 591–92, 45 N.E.2d 829, 831 (1942). *Cook v. Johnson*, 121 Mass. .326 (1876).

. . . . .

There is Massachusetts case law to the effect that "the mortgagor, and all claiming under him, are conclusively prevented from holding adversely to his [the mortgagee's] paramount right." *Long v. Richards*, 170 Mass. 120, 128, 48 N.E. 1083, 1086 (1898).

█ It is clear, of course, that as a practical matter, the Bank was unable to complete its possession as a result of the Chapter 11 filing and the automatic stay, nonetheless, the cases emphasize that all that is needed under these circumstances, having initially made a valid entry, was to seek relief from the bankruptcy court and that it did.

Under Massachusetts law, the Bank having made an entry is entitled to the rents. The debtor, however, under the case of *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), has a right to have possession restored to it if it can provide the Bank with adequate protection.