**In the Matter of Adrian BONILLA MONTALVO, Debtor.**

**Bankruptcy No. 87–00304(SEK).**

United States Bankruptcy Court, D. Puerto Rico.

April 9, 1991.

Martín González–Pacheco, Ponce, P.R., for debtor.

Julio Silva–Ayala, Mayaguez, P.R., for creditors.

## OPINION AND ORDER

SARA E. de JESUS, Bankruptcy Judge.

The matter pending before the Court is whether creditors Nelson and Elizabeth Torres are entitled to the payment of interest on Claim # 13, and the applicable interest rate.[1]

Pursuant to Debtor's request for a valuation of claim # 13, we held an evidentiary hearing.[2] The parties have agreed to the following facts:

"a. That on July 22, 1980, Nelson Torres Ruiz and Adrián Bonilla Montalvo signed an Option Contract for the purchase of a plot of land marked number twenty (20).

b. The price of said plot of land was $7,250.00, of which at the signing of the Option Contract, Nelson Torres Ruiz paid Adrián Bonilla Montalvo the sum of $500.00 and later that same day paid him $2,500.00 for a total of $3,000.00.

c. The Option Contract enumerated a period of two years from the date of signing within which the debtor, Adrián Bonilla Montalvo, was to execute the purchase deed or reimburse Nelson Torres Ruiz the sum of $3,000.00.[3]

d. That Mr. Nelson Torres Ruiz was single when he entered into an option agreement for certain lot of land on July 22, 1980.

e. That Mr. Nelson Torres Ruiz gave Mr. Adrián Bonilla $3,000.00 as option money.

f. That debtor according to clause # 6 of the option contract is obliged, and has accepted to do so, to return to this creditor the $3,000.00.

g. That debtor has recognized the debt of $3,000.00 owed to Mr. Nelson Torres and has scheduled the same as $900.00 priority and $2,100.00 as general unsecured claim.[4]

h. Mrs. Elizabeth Hermida de Torres married Mr. Nelson Torres Ruiz after the option contract was signed.

i. Mrs. Elizabeth Hermida de Torres was not a party to the option contract signed on July 22, 1980 by debtor and Mr. Nelson Torres.

j. That on January 12, 1984, Mrs. Elizabeth Hermida de Torres was deputy clerk of the Superior Court of Puerto Rico, Courtroom of Mayaguez.

k. That Banco Comercial de Mayaguez filed suit number 81–1138 against debtor and his ex-wife on the Superior Court of Puerto Rico, Courtroom of Mayaguez.[5]

l. That on June 7, 1983 Attorney Jovino Martínez wrote a letter to debtor on behalf of Mr. Nelson Torres requesting the return of the option money given by him to debtor.

m. The plot of land where Mr. Nelson Torres had his option was sold after the filing for relief and with the authority of this Court."

Two Joint Exhibits were also admitted: the Option contract executed by the Debtor and Nelson Torres on July 22, 1980; and a

---

1. During the hearing, Nelson Torres Ruiz and his wife Elizabeth waived their claims for damages other than interest discussed herein.

2. 11 U.S.C. Section 502(c)(2).

3. It was also undisputed that Debtor was not able to secure the government permits needed to segregate and sell the plot to the Optionee, and the deed of sale was never executed.

4. The Court takes judicial notice that the petition for bankruptcy pursuant to Chapter 11 of the Code was entered on February 19, 1987; and that Nelson and Elizabeth Torres, filed proof of claim no. 13 in the amount of $25,-

000.00. Attached thereto are the copies of the following documents: the option contract entered into by the debtor Adrián Bonilla Montalvo and Nelson Torres Ruiz on July 22, 1980; the complaint filed by Mr. Torres Ruiz against the debtor before the Superior Court of Puerto Rico, Mayaguez Part, Civil No. CS–88–896, for collection of money and damages; and a copy of a sworn statement of Nelson Torres Ruiz dated June 22, 1988.

5. During the hearing the parties testified this suit was stayed by the filing of this petition.

letter dated June 7, 1983 from Attorney Jovino Martínez Ramírez to Attorney Adrián Bonilla Montalvo requesting the return of the money paid by Mr. Torres plus legal interest.

## CONCLUSIONS OF LAW

 In bankruptcy, issues as to the validity and legality of a claim are determined pursuant to applicable state law.[6] Thus, we must decide the question at hand by applying the pertinent Articles of the Civil Code of P.R.[7]

The option contract executed by Debtor and Nelson Torres Ruiz, called for the execution of the deed of sale within two years from July 22, 1980. However, the contractual terms also required Mr. Bonilla to return the total price for the option, if he could not obtain the permits required by the local government allowing him to segregate and sell the optioned plot, within this same two year period. The contract does not mention interest payments.

■ The Debtor raises the defense of impossibility of compliance with the obligation in order to release himself from the obligation and/or any liability. Mr. Bonilla claims a legal and physical impossibility based on events which occured almost six years after the Option contract had expired, and, in any event, these events concern his fiscal or monetary problems.[8] Article 1138 of the Civil Code of Puerto Rico, 31 Laws of P.R.Ann., Section 3193, provides that, "In obligations to do, the debtor

shall also be released when the prestation appears to be legally or physically impossible." However, Debtor's reliance on this Article of the Civil Code is unwarranted inasmuch as the legal and physical impossibility contemplated by law are not present in this contested matter.[9]

■ Article 1061 of the P.R.Civil Code, 31 Laws of P.R.Ann., Section 3025, provides that when the obligation consists in the payment of a sum of money, and the person incurs in default, the creditor is entitled to be indemnified for damages and losses suffered, which will consist in the payment of interest. If the parties failed to agree upon the payment of interest and or the interest rate, then the interest to be paid will be the legal interest at the applicable rate. Furthermore, "Until another rate is fixed by the Government, interest at the rate of six percent per annum shall be considered as legal." [10]

Under these circumstances, Mr. Bonilla must reimburse the full amount of the option contract paid by Mr. Torres, plus interest at the legal rate of 6% per year, from the date the option contract expired to the date this petition was filed, pursuant to 11 U.S.C. Section 502(b)(2).[11]

---

6. See *generally*, 3 *Collier On Bankruptcy*, (15th ed.) paragraph 502.02 (1990). See also, *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re MacDonald*, 114 B.R. 326 (D.Mass. 1990); *In re Milford Common J.V. Trust*, 117 B.R. 15 (Bkrtcy.Mass., 1990).

7. *Rosa Valentín v. Vázquez Lozada*, 103 D.P.R. 796 (1975).

8. He referred to the attachment of the land ordered in civil case No. 88–896 as preventing delivery of the optioned plot of land and losses caused by a fire which destroyed his home, and presumably his ability to produce the money required by Mr. Torres.

9. See José Puig Brutau, *Fundamentos de Derecho Civil*, Vol. II Tomo I (3rd ed.) who at page 364 states: "Por regla general la obligación del

deudor no ha de alterarse por el hecho de que el cumplimiento le resultare más gravoso de lo que era presumible cuando quedó obligado. El derecho del acreedor no puede estar pendiente de que el deudor tenga mayores o menores dificultades en cumplir la prestación." *Rodríguez v. Municipio*, 75 D.P.R. 479 (1953); *Casera Foods, Inc. v. E.L.A.*, 108 D.P.R. 850 (1979).

10. *Piovanetti v. Vivaldi*, 80 D.P.R. 108 (1957); *Vda. de Vázquez v. Vázquez Cintrón*, 85 D.P.R. 279 (1962).

11. We have used the date the option contract expired as the accrual of the right to request interest due to a default (*mora* ), because the demand of a creditor in order for such default to exist (*intimación* ) is not necessary pursuant

---

to P.R.Civil Code Article 1053, 31 Laws of P.R. Ann., Section 3017:

"1. If the obligation or law declares it expressly....". Debtor's obligation to return the money given by creditor Torres upon expiration of the option contract is clearly stated in this contract. Hence, said Creditor needs not demand the fullfilment of this obligation in order to claim interest on account of a default (*mora*).