**In re Jaime and Linda JOSE, Debtors.**

**No. 90–10115–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

April 28, 1992.

Robert L. Berluti, Atty. Julie E. Bruce, Boston, Mass., for movants, Lillian Stern, et al.

Leonard M. Krulewich, Boston, Mass., for debtors.

**DECISION ON MOTION TO REOPEN AND FOR SANCTIONS**

WILLIAM C. HILLMAN, Bankruptcy Judge.

The Court has considered the motion filed by attorneys for a creditor herein seeking to reopen the case for the sole purpose of imposing sanctions upon counsel for the debtors under FRBP 9011.

The essence of the motion is that debtors' counsel, in filing his own motion for

contempt against the creditor, was taking a position directly contrary to that adopted by Judge Gabriel in 1984. *In re Stern,* 44 B.R. 15 (Bankr.D.Mass.1984).

The Court does not believe that it is contemptuous for a member of the bar to file a motion which takes a position contrary to that adopted by a single member of this Court. It is a matter of common knowledge that the judges of this court do not always agree with each other on all matters, *compare In re Milford Common J.C. Trust,* 117 B.R. 15 (Bankr.D.Mass. 1990); *In re Ashford Apartments L.P.,* 132 B.R. 217 (Bankr.D.Mass.1991) (Judge Hillman); and *In re Concord Mill L.P.,* 136 B.R. 896 (Bankr.D.Mass.1992) (Judge Kenner) *with In re Prichard Plaza Associates L.P.,* 84 B.R. 289 (Bankr.D.Mass.1988), and *In re Ledgemere Land Corp.,* 116 B.R. 338 (Bankr.D.Mass.1990) (both Chief Judge Queenan) and decisions of one judge are not binding on the others. *See, in parallel, First of America Bank v. Gaylor (In re Gaylor),* 123 B.R. 236 (Bankr.E.D.Mich. 1991); *In Re Rheuban,* 128 B.R. 551 (Bankr.C.D.Cal.1991); *Starbuck v. San Francisco,* 556 F.2d 450, 457 n. 13 (9th Cir.1977).

While the actions of counsel for the debtor might be regarded by some as inappropriate, they are not contemptuous.

The Motion to Reopen is denied.